CITY OF BURLINGTON v. TOWN OF ELON COLLEGE

No. 449PA83

(Filed 30 April 1984)

Municipal Corporations § 2— annexation proceeding of same area by two municipal corporations—municipality instituting annexation proceeding first given priority

     In an action instituted by the City of Burlington alleging that it had prior exclusive jurisdiction to annex a certain area contiguous to its boundaries, the superior court erred in finding defendant Town of Elon College to have legally annexed the same area where the Town of Elon College's annexation proceedings were voluntary and were completed prior to the City of Burlington's annexation proceedings, but where the City of Burlington's involuntary annexation proceedings were instituted first. In cases where one municipality institutes valid annexation proceedings first, that municipality should be given priority under the prior jurisdiction rule, and subsequent annexation proceedings, of whatever nature, are of no force and effect.

ON discretionary review prior to determination by the Court of Appeals to review the judgment of *McLelland, Judge,* entered at the 18 July 1983 Civil Session of ALAMANCE County Superior Court, denying plaintiff's motion for summary judgment and

granting defendant's motion for summary judgment, plaintiff and defendant appealed to the Court of Appeals. We allowed plaintiff's petition pursuant to G.S. 7A-31 on 6 December 1983.

Plaintiff instituted this action alleging that it had prior exclusive jurisdiction to annex certain areas contiguous to its boundaries pursuant to G.S. 160A-45 *et seq.* The salient facts surrounding the controversy, as stipulated by the parties, may be summarized as follows:

1. The plaintiff, City of Burlington, and the defendant, Town of Elon College, are municipal corporations organized and existing under the laws of North Carolina and are located in Alamance County, North Carolina.

2. On 19 April 1983, the City Council of the City of Burlington at its regular meeting, adopted a resolution of intent to consider annexation of an area contiguous to the existing corporate limits of the City of Burlington.

3. The City of Burlington prepared a report setting forth plans and specifications for the above-mentioned area, including maps and plans to provide municipal services to the area. The report was adopted by the City Council of Burlington at its regular meeting on 3 May 1983.

4. A Notice of Public Hearing to consider the annexation by the plaintiff was published in the Burlington Times-News, a proper newspaper for such advertising, on 2 May, 9 May, 16 May and 23 May 1983. The notice indicated that a hearing would be held on 7 June 1983, and that the report of the City Council on annexation would be available in the office of the City Clerk of the City of Burlington for public inspection at least fourteen (14) days prior to 7 June 1983, the date of the public hearing.

5. On or about 16 May 1983, the Town of Elon College received voluntary petitions for annexation from a number of owners of property situated in the territory included in the proposed area of annexation of the City of Burlington.

6. On or about 16 May 1983, the Town of Elon College Board of Aldermen called for and ordered a public hearing on the voluntary petitions for annexation of the property to the Town of Elon College for 7:30 p.m., 31 May 1983.

7. The annexation proceeding by the Town of Elon College was a voluntary proceeding upon petition of the people affected. The annexation proceeding instituted by the City of Burlington was an involuntary proceeding.

8. The area proposed to be annexed by the plaintiff and the areas proposed to be annexed by the defendant meet the legislative standards contained in the applicable North Carolina General Statutes, with the exception that the defendant contends that the plaintiff may not annex areas that were previously annexed by the defendant, as such would be in violation of N.C.G.S. § 160A-48(b)(3). The plaintiff and the defendant, in compliance with the applicable statutes, contend that they are capable and will provide or extend to the areas to be annexed each major municipal service performed in each municipality at the time of annexation.

9. On 31 May 1983, and again on 13 June 1983, the Board of Aldermen of the Town of Elon College, acting pursuant to voluntary petitions of property owners, officially annexed property which was situated within the area proposed to be annexed by the City of Burlington. The two annexations by the Town of Elon College were to become effective at 12:01 o'clock a.m. on 1 June 1983 and at 12:01 o'clock a.m. on 14 June 1983.

10. The plaintiff, City of Burlington, at a special meeting of its City Council on 16 June 1983, adopted an ordinance annexing areas including the areas in question previously annexed by the Town of Elon College. This ordinance of the plaintiff was to become effective on the 1st day of August 1983.

Plaintiff's complaint alleged it had prior jurisdiction of the areas annexed by defendant, and prayed that defendant be enjoined from annexing the areas. Plaintiff subsequently filed a supplemental complaint requesting a declaratory judgment that defendant's annexations were null and void. Defendant's answer and counterclaim prayed for a declaratory judgment that plaintiff's annexation of the areas in question was null and void and further prayed that plaintiff be enjoined from enforcing annexation as to the areas already annexed by the Town of Elon College. Both parties moved for summary judgment, and after considering the pleadings, exhibits, affidavits, and stipulations of fact filed by the parties, the trial judge made appropriate findings

of fact not inconsistent with those stipulated by the parties. The trial court then made the following pertinent conclusions of law:

(1) The Defendant, Town of Elon College, has complied with the applicable law in annexing the properties herein described based upon voluntary petitions filed by the citizens of the affected areas. As of June 1 and June 14, 1983, the properties hereinbefore described were legally annexed by the Town of Elon College, said ordinances having been adopted on May 31 and June 13, 1982, respectively.

(2) The earlier commencement by the Plaintiff by involuntary proceedings of annexation did not vest authority in the Plaintiff to annex to the Plaintiff those properties already annexed by the Defendant pursuant to voluntary proceedings.

(3) Voluntary and involuntary annexation proceedings in this State are not equivalent.

(4) The provisions of the ordinance of annexation enacted by the Plaintiff on June 16, 1983, which included areas previously annexed by the Defendant, Town of Elon College, were ineffective.

(5) Summary judgment is appropriate in this matter on behalf of the Defendant.

The trial court entered judgment in favor of the defendant and declared that plaintiff's annexation of the subject areas was ineffective. In addition, the court permanently enjoined plaintiff from exercising any authority in the areas previously annexed by defendant.

Plaintiff and defendant gave notice of appeal to the Court of Appeals, and plaintiff subsequently petitioned for, and was granted, review by this Court prior to determination by the Court of Appeals.

*Robert M. Ward, City Attorney, for plaintiff-appellant/appellee.*

*Bateman and Stedman, by Charles L. Bateman, for defendant-appellant/appellee.*

City of Burlington v. Town of Elon College

BRANCH, Chief Justice.

The sole issue presented in this case is whether the trial court erred in concluding that the Town of Elon College prevailed in its annexation of the areas which had been included in the City of Burlington's proposed annexation plan. This issue relies, in turn, on the applicability of the "prior jurisdiction" rule to this dispute.

The doctrine of prior jurisdiction is discussed in 2 McQuillin, Municipal Corporations § 7.22a (3d ed. 1966), which reads, in pertinent part, as follows:

> The rule that among separate equivalent proceedings relating to the same subject matter, that one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted, applies, generally speaking, to and among proceedings for the municipal incorporation, annexation, or consolidation of a particular territory, *i.e.*, in proceedings of this character, while the one first commenced is pending, jurisdiction to consider and determine others concerning the same territory is excluded. Thus, where two or more bodies or tribunals have concurrent jurisdiction over a subject matter, the one first acquiring jurisdiction may proceed, and subsequent purported assumptions of jurisdiction in the premises are a nullity.

We note at the outset that the prior jurisdiction rule is the majority rule and is applied "universally" in "conflicts between two municipalities attempting to assert jurisdiction over the same territory."[1] Comment, Municipal Corporations: Prior Jurisdiction Rule, 7 W.F.L. Rev. 77, 79 (1970). *See e.g., People v. Town of Corte Madera*, 115 Cal. App. 2d 32, 251 P. 2d 988 (1952); *City of Daytona Beach v. City of Port Orange*, 165 So. 2d 768 (Fla. 1964); *Town of Clive v. Colby*, 255 Iowa 483, 123 N.W. 2d 331 (1963); *City of Lincolnshire v. Highbaugh Realty Co.*, 278 S.W. 2d 636 (Ky. 1955). Additionally, we recognize that the prior jurisdiction rule is

---

1. Our research discloses no cases in which the rule has not been followed by the courts. We note in passing, however, that Virginia has statutorily abrogated the longstanding rule by providing for a judicial determination of such disputes, "taking into consideration the interests of all parties to the case." Va. Code Annot. § 15.1-1037 (1981).

based upon priority in time and "ordinarily is determined by the time of the commencement or initiation of the proceedings, and not by the time of completion thereof." 2 McQuillin, *supra* at 378. The time of commencement of proceedings, for purposes of the rule, is the "taking of the first mandatory public procedural step in the statutory process for . . . annexation of territory." *Id.*

Applying the foregoing principles to the facts of the instant case leads inevitably and indisputably to the conclusion that the plaintiff City of Burlington, by adopting its Resolution of Intent to Annex on 19 April 1983, took the "first mandatory public procedural step in the statutory process" and thereby acquired prior jurisdiction of the disputed areas. Consequently, any subsequent attempts by defendant Town of Elon College to acquire jurisdiction were null and void.

Even so, defendant Town of Elon College contends that the doctrine of prior jurisdiction does not apply to the facts of this case. Defendant contends that, for purposes of the prior jurisdiction rule, voluntary and involuntary annexation proceedings are not "equivalent proceedings," and hence the rule does not apply. 2 McQuillin, *supra.* Defendant relies for its contention upon the case of *Town of Hudson v. City of Lenoir*, 279 N.C. 156, 181 S.E. 2d 443 (1971). That case involved an annexation dispute over an area located between two towns. Hudson sought to annex the area by the involuntary annexation method. Lenoir had received petitions for voluntary annexation from owners of real property in the area. Both proceedings were instituted on the same day, 17 June 1969. The City of Lenoir's voluntary annexation proceeding was completed first. The trial court entered judgment for the City of Lenoir. Upon appeal to this Court, Justice Huskins, writing for the Court, explicitly recognized the majority "prior jurisdiction" rule, but held that the rule was not applicable to the facts of that case. The Court stated:

> The record shows that upon dissolution of the restraining order both Hudson and Lenoir began annexation proceedings anew on the same day, June 17, 1969. Therefore, neither municipality could have gained exclusive jurisdiction under the "first to start" rule.

*Id.* at 160-61, 181 S.E. 2d at 446.

However, the Court went on to give a second reason for the inapplicability of the prior jurisdiction rule, and it is that basis of inapplicability which defendant Town of Elon College urges us to adopt in the instant case. In *Hudson,* the Court buttressed its holding with the following statement:

Aside from the fact that neither municipality was prior to the other in initiating annexation proceedings, the two proceedings were not "equivalent." The voluntary procedure initiated by the landowners and future municipal taxpayers has understandably been made simpler and quicker than the involuntary annexation procedures available to and followed by Hudson. The variations in procedural requirements with respect to voluntary and involuntary annexation make it possible for property owners in the affected area to inject an element of choice as to which municipality will govern them. . . . It is significant here that the landowners affected preferred to be in Lenoir rather than Hudson.

*Id.* at 161, 181 S.E. 2d at 447.

In our opinion, the above language is an incorrect statement of the law. For purposes of the prior jurisdiction rule, annexation proceedings, regardless of their nature, are "equivalent proceedings," and it is of no consequence which town or city the landowners prefer. In fact, it appears to be the very essence of the *involuntary* annexation procedures that the affected landowners have no choice, as long as the annexing body complies with the applicable statutes. G.S. 160A-33 *et seq.* and G.S. 160A-45 *et seq.* As stated by the Municipal Government Study Commission in 1959:

We believe in protection of the essential rights of every person, but we believe that the rights and privileges of residents of urban fringe areas must be interpreted in the context of the rights and privileges of every person in the urban area. We do not believe that an individual who chooses to buy a lot and build a home in the vicinity of a city thereby *acquires* the right to stand in the way of action which is deemed necessary for the good of the entire urban area. By his very choice to build and live in the vicinity of the city, he has chosen to identify himself with an urban population, to assume the responsibilities of urban living, and to reap the

benefits of such location. Therefore, sooner or later his property must become subject to the regulations and services that have been found necessary and indispensable to the health, welfare, safety, convenience and general prosperity of the entire urban area. Thus we believe that individuals who choose to live on urban-type land adjacent to a city must anticipate annexation sooner or later. And once annexed, they receive the rights and privileges of every other resident of the city, to participate in city elections, and to make their point of view felt in the development of the city. This is the proper arena for the exercise of political rights, as this General Assembly has evidenced time and again in passing annexation legislation without recourse to an election.

Report of the Municipal Government Study Commission 10 (1950) (emphasis in original).

To the extent, therefore, that our holding in *Town of Hudson v. City of Lenoir*, 279 N.C. 156, 181 S.E. 2d 443 (1971), conflicts with our holding here, that case is overruled.

Thus, in cases where one municipality institutes valid annexation proceedings first, that municipality should be given priority under the prior jurisdiction rule, and subsequent annexation proceedings, of whatever nature, are of no force and effect. We believe adherence to the prior jurisdiction doctrine is not only consistent with the majority rule, but is in keeping with the spirit and intent of our annexation statutes.

In the instant case, plaintiff City of Burlington instituted its procedures first and thus is entitled to the benefit of the prior jurisdiction rule. We therefore hold that the trial court erred in entering summary judgment for defendant. The judgment and restraining order against plaintiff are vacated and the case is remanded to the Alamance County Superior Court for entry of judgment in accordance with this opinion.

Vacated and remanded.