TOWN OF HAZELWOOD v. TOWN OF WAYNESVILLE

No. 8630SC694

(Filed 6 January 1987)

**Municipal Corporations § 2— annexation—prior jurisdiction rule—first mandatory public step—resolution of consideration**

Summary judgment should have been entered for plaintiff rather than defendant in an action in which plaintiff had begun involuntary annexation procedures with the passage of a resolution of consideration but defendant subsequently completed voluntary annexation of the disputed area before plaintiff completed its involuntary annexation. The passage of a resolution of consideration pursuant to N.C.G.S. § 160A-37 is the first mandatory public procedural step in the statutory process for purposes of the prior jurisdiction rule.

APPEAL by plaintiff from *Pachnowski, Judge*. Order entered 21 February 1986 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 29 October 1986.

The case involves the applicability of the "prior jurisdiction rule" to our municipal annexation statutes. The facts are not is dispute. Both parties are municipal corporations located in Haywood County. On 5 November 1985, plaintiff, the Town of Hazelwood, adopted a "resolution of consideration" pursuant to the involuntary annexation procedures of G.S. 160A-37. Shortly thereafter, property owners in the area being considered for annexation petitioned defendant, the Town of Waynesville, for voluntary annexation pursuant to G.S. 160A-31. Defendant initiated annexation proceedings on 26 November 1985 and completed its voluntary annexation of the disputed area on 28 January 1986.

Prior to defendant's completion of its annexation, plaintiff, on 15 January 1986, filed this action to have defendant's action declared null and void and to enjoin defendant from further annexation proceedings. Both parties moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. On 21 February 1986, after a hearing on the motions, the court granted summary judgment for the defendant.

*Haire & Bridgers, by R. Phillip Haire and James M. Spiro, for the plaintiff-appellant.*

*Smith, Bonfoey & Queen, by Frank G. Queen and Michael Bonfoey, for the defendant-appellee.*

EAGLES, Judge.

Because the facts are not disputed and this case involves only a question of law, it is appropriate for summary judgment. *Hamilton v. Travelers Indemnity Co.*, 77 N.C. App. 318, 335 S.E. 2d 228 (1985), *disc. rev. denied*, 315 N.C. 587, 341 S.E. 2d 25 (1986). We reverse the trial court, however, since application of the "prior jurisdiction rule" requires judgment for the plaintiff rather than the defendant.

The prior jurisdiction rule was held applicable to our annexation statutes in *City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E. 2d 534 (1984). The rule operates on a "first in time, first in right" principle and states that, among equivalent proceedings, where two or more municipalities have concurrent jurisdiction to annex a particular area, the municipality which first institutes annexation proceedings has jurisdiction and subsequently commenced annexation proceedings by any other municipality have no effect. *City of Burlington v. Town of Elon College, supra.* Under the rule, annexation proceedings begin when a municipality takes "the first mandatory public procedural step in the statutory process" of annexation. *Id.* at 728, 314 S.E. 2d at 537.

In *City of Burlington*, both parties were municipal corporations seeking to annex the same area. The City of Burlington instituted its annexation proceedings first, adopting a "resolution of intent" pursuant to the involuntary annexation procedures in G.S. 160A-49. About a month later, landowners in the area being considered for annexation, petitioned the Town of Elon College for voluntary annexation under G.S. 160A-31. The town completed its voluntary annexation before the City of Burlington had finished its involuntary annexation of the same area. The court held that the City of Burlington, by passing its resolution of intent, took the "first mandatory public procedural step in the statutory process" and thereby acquired jurisdiction, rendering the Town of Elon's attempted annexation of the area null and void.

The facts here are almost identical to those in *City of Burlington*. The only difference lies in the first procedural step taken by the respective plaintiffs. In *City of Burlington*, the plaintiff adopted a resolution of intent pursuant to the procedures of G.S. 160A-49 which applies to involuntary annexation by a municipality with a population greater than 5,000. Here, the Town of Hazelwood passed a resolution of consideration pursuant to the procedures of G.S. 160A-37 which applies to the involuntary annexation by a municipality with a population less than 5,000. The issue presented here is whether passage of a resolution of consideration pursuant to G.S. 160A-37 is "the first mandatory public procedural step in the statutory process" of G.S. 160A-33 *et seq.* We hold that it is.

G.S. 160A-37(a) provides that a municipality desiring to carry out involuntary annexation under G.S. 160A-33 *et seq.* must pass a resolution stating its intent to consider annexation. G.S. 160A-37(i) states that no resolution of intent may be passed without first having adopted, at least one year prior to the adoption of the resolution of intent, an additional resolution identifying the area being considered for annexation. G.S. 160A-37(j), however, states that subsection (i) does not apply if both the resolution of intent and the annexation ordinance itself provide that the effective date of annexation will be at least one year after passage of the annexation ordinance. The statute thus provides two different procedural methods for beginning the involuntary annexation process under G.S. 160A-33 *et seq.* A municipality may either pass a resolution of consideration one year prior to adopting its resolution of intent or it may immediately adopt the resolution of intent and postpone the effective date of annexation for at least a year after the ordinance is passed.

Defendant argues that passage of a resolution of consideration under G.S. 160A-37(i) is not a "mandatory" procedural step since a resolution of intent will suffice if the date of annexation is properly postponed. We disagree. While a resolution of consideration is not absolutely essential to accomplishing involuntary annexation pursuant to G.S. 160A-33 *et seq.*, it is essential if the municipality does not wish, for whatever reason, to postpone the date of annexation for a year after the annexation ordinance is passed. Plaintiff's adoption of a resolution of consideration was the first mandatory public procedural step in the statutory proc-

ess it chose to utilize. The fact that there was an alternative procedure available to plaintiff is of no consequence here.

Were our holding otherwise, we would be arbitrarily preferring voluntary annexation over involuntary annexation since, once a resolution of consideration is passed, property owners in the area under consideration could, under similar circumstances, do what was done here, i.e. choose another municipality and petition for voluntary annexation by them. Defendant recognizes this but argues that for public policy reasons, it is desirable to allow the citizens of the disputed area to choose which municipality they will join. The court in *City of Burlington*, however, rejected that very argument, holding that voluntary and involuntary proceedings were "equivalent" for purposes of the prior jurisdiction rule and that the property owners in the area should have no choice of municipality once an annexation proceeding has been instituted. 310 N.C. at 729, 314 S.E. 2d at 538.

Plaintiff instituted valid annexation proceedings and acquired jurisdiction over the area when it adopted a resolution of consideration pursuant to G.S. 160A-37(i). Accordingly, defendant's subsequent actions are without effect. We reverse and remand for entry of judgment consistent with this opinion.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.