TOWN OF HAZELWOOD v. TOWN OF WAYNESVILLE

No. 43PA87

(Filed 7 July 1987)

**Municipal Corporations § 2— annexation—prior jurisdiction rule—first mandatory public procedural step—resolution of intent**

The adoption of a resolution of intent, not a resolution of consideration, is the critical date for determining whether a municipality utilizing involuntary annexation procedures has prior jurisdiction over the same territory being considered for voluntary annexation by a different municipality. N.C.G.S. §§ 160A-31 and -37.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 83 N.C. App. 670, 351 S.E. 2d 558 (1987), reversing an order granting defendant's motion for summary judgment entered by *Pachnowski, J.,* at the 21 February 1986 Civil Session of Superior Court, HAYWOOD County. Heard in the Supreme Court 8 June 1987.

*Haire & Bridgers, P.A., by R. Phillip Haire and James M. Spiro, and Timothy Finger, for plaintiff-appellee.*

*Smith, Bonfoey & Queen, by Michael Bonfoey and Frank G. Queen, for defendant-appellant.*

WHICHARD, Justice.

This appeal involves an interpretation of the North Carolina statutes governing annexation of unincorporated areas by municipalities. Specifically, the question is which of two municipalities simultaneously attempting to annex the same territory—one by voluntary means under N.C.G.S. § 160A-31, the other by involuntary means under N.C.G.S. § 160A-37—has the statutory right to complete annexation. The answer lies in a scrutiny of the statutory procedures governing these two modes of annexation as well as in the circumspect application of prior case law.

Annexation by petition, the voluntary procedure, requires each owner of real property in an area contiguous to the boundaries of the municipality to sign a petition requesting annexation. N.C.G.S. § 160A-31(a) (1982). Once the petition has been received by the governing body of the annexing municipality, the clerk is directed to investigate and certify the sufficiency of the petition. N.C.G.S. § 160A-31(c) (1982). Thereafter the governing body must fix a date for a public hearing on the question of annexation, causing notice to be published at least ten days prior to the hearing. *Id.* After the hearing, the governing board may pass an annexation ordinance effective immediately or on any specified date within six months of the date of its passage. N.C.G.S. § 160A-31(d) (1982).

The process of involuntary annexation by municipalities having a population of less than 5,000 is considerably more protracted and deliberate than annexation by petition. N.C.G.S. § 160A-37(a) mandates that the "resolution stating the intent of the municipality to consider annexation" fix a date for a public hearing on the question of annexation. A report including maps and detailing services to be provided the territory proposed for annexation, and the methods of financing those services, must be available at the office of the municipal clerk at least thirty days prior to the public hearing, which must be held not less than forty-five nor more than ninety days after the passing of the resolution. N.C.G.S. § 160A-35 (1982 & Cum. Supp. 1985); N.C.G.S. § 160A-37(a), (b)(1), (3) (Cum. Supp. 1985).

In addition, for all annexations for which resolutions of intent are adopted on or after 1 July 1984, the municipal governing body must either provide in the resolution of intent that the effective

date of the annexation ordinance be at least one year from the date the ordinance is passed, or identify the area under consideration for annexation (with a resolution of consideration) at least one year prior to adopting a resolution of intent. N.C.G.S. § 160A-37(i) (Cum. Supp. 1985); N.C.G.S. § 160A-37(j) (Cum. Supp. 1985). A resolution of consideration may have a metes and bounds description or a map, and the area therein described must include but may be greater than the territory that is ultimately the subject of the resolution of intent and the report mandated by N.C.G.S. § 160A-35. N.C.G.S. § 160A-37(i) (Cum. Supp. 1985).

In *City of Burlington v. Town of Elon College*, 310 N.C. 723, 729, 314 S.E. 2d 534, 538 (1984), this Court held that voluntary annexation proceedings under N.C.G.S. § 160A-31 and involuntary proceedings under N.C.G.S. § 160A-37 are "equivalent proceedings" for purposes of the "prior jurisdiction rule." This rule posits that, among equivalent proceedings, the "one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted." *Id.* at 727, 314 S.E. 2d at 537, quoting 2 E. McQuillin, *The Law of Municipal Corporations* Sec. 7.22a (3d ed. 1966). The Court emphasized that the preferences of the property owners and residents of the targeted territory are inconsequential: "it appears to be the very essence of the *involuntary* annexation procedures that the affected landowners have no choice, as long as the annexing body complies with the applicable statutes." *Id.* at 729, 314 S.E. 2d at 538 (citations omitted). The Court in *Burlington* concluded that plaintiff-city had prior jurisdiction because its resolution of intent was the first mandatory public procedural step in the statutory process of involuntary annexation and because this step had preceded the submission of the property owners' petition.[1] *Id.* at 730, 314 S.E. 2d at 538-39.

"The time of commencement of proceedings, for purposes of the [prior jurisdiction] rule, is the 'taking of the first mandatory public procedural step in the statutory process for . . . annexation of territory.' " *Id.* at 728, 314 S.E. 2d at 537. The critical question presented in this appeal is whether a resolution of intent or a

---

1. The effective date of the 1983 amendment to sections (i) and (j) of N.C.G.S. § 160A-37 and -49 postdated the litigation culminating in *Burlington*. Therefore the question whether the resolution of consideration might be the first mandatory procedural step did not arise in that case.

resolution of consideration is the first mandatory public procedural step in the involuntary annexation process. The question arises from these facts:

On 5 November 1985 plaintiff Town of Hazelwood adopted a resolution of consideration identifying areas under consideration for annexation pursuant to N.C.G.S. § 160A-37. The area described included the Plott Creek subdivision, whose eleven property owners presented two annexation petitions to defendant Town of Waynesville on 18 and 25 November 1985. Receipt of the petition initiated the voluntary annexation procedure authorized by N.C.G.S. § 160A-31. Annexation pursuant to these provisions was completed by the adoption of an ordinance annexing the Plott Creek subdivision to defendant Town of Waynesville on 28 January 1986.

Shortly before the Waynesville annexation ordinance was passed, plaintiff Town of Hazelwood filed a complaint averring that its prior resolution of consideration, describing an area that included the Plott Creek subdivision, had constituted the "first mandatory public procedural step" of the two annexation procedures. Plaintiff averred that, on the authority of *City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E. 2d 534, it had prior jurisdiction over the Plott Creek area, thus foreclosing annexation of that territory by defendant Town of Waynesville. The trial court found no genuine issue of material fact and granted summary judgment to defendant Town of Waynesville.

The Court of Appeals reversed, holding that the resolution of consideration adopted by the Town of Hazelwood established its prior jurisdiction over the area in contention and that the annexation ordinance passed by the Town of Waynesville thus was without effect. The court noted the near identity of the facts in this case with those in *Burlington*, the only significant difference being that the first mandatory public procedural step in *Burlington* had been a resolution of intent. The court also noted that subsections 160A-37(i) and (j) provide "two different procedural methods for beginning the involuntary annexation process under [N.C.]G.S. 160A-33 *et seq.*" *Town of Hazelwood v. Town of Waynesville*, 83 N.C. App. at 672, 351 S.E. 2d at 559. It reasoned that "[w]hile a resolution of consideration is not absolutely essential to accomplishing involuntary annexation pursuant to [N.C.]G.S. 160A-

33 *et seq.*, it is essential if the municipality does not wish, for whatever reason, to postpone the date of annexation for a year after the annexation ordinance is passed." *Id.* The court consequently held that "the adoption of a resolution of consideration was the first mandatory public procedural step in the statutory process [plaintiff] chose to utilize." *Id.* at 672-73, 351 S.E. 2d at 559.

We acknowledge that the first mandatory public procedural step for a municipality *choosing to proceed with involuntary annexation under N.C.G.S. § 160A-37(i)* is a resolution of consideration. However, the procedure stated in subsection (i) is itself an *option*. The first *mandatory* public procedural step common to both means of initiating involuntary annexation is the passing of a resolution of intent. We therefore hold that the date of adoption of a resolution of intent is the critical date for determining whether a municipality utilizing involuntary annexation procedures has prior jurisdiction over the same territory being considered for voluntary annexation by a different municipality.

Our holding is compelled by the logic of the procedure for involuntary annexation. The statute mandates a *waiting period* of at least one year before involuntary annexation may be completed, whether a municipality chooses to pass a resolution of consideration one year prior to its resolution of intent or whether it chooses simply to delay the effective date of the annexation ordinance at least one year after the passage of the resolution of intent. The statute does not require that involuntary annexation be initiated with a resolution of consideration; it does require a lengthy *period* of consideration preceding either the mandatory resolution of intent or the effective date of the annexation ordinance.

In either case, the resolution of intent—not the resolution of consideration—must be accompanied by a detailed report that is the product of deliberate planning. This annexation scheme manifests the legislature's intent to require towns and cities to consider carefully the consequences of involuntary annexation of a particular territory, and it indicates the legislature's desire to enable residents of the area under consideration to anticipate and adjust to the proposed annexation. If jurisdiction is asserted by a possibly precipitous resolution of consideration that, by doing lit-

tle more than laying claim to general areas for possible annexation, precludes annexation of territory within these areas by other municipalities, these aims may be frustrated.

Not only the logic, but also the plain language of the provisions governing procedure for involuntary annexation compels the conclusion that the resolution of intent is the "first mandatory public procedural step" for purposes of the prior jurisdiction rule. These provisions begin: "Any municipal governing board desiring to annex territory under the provisions of this Part shall *first* pass a resolution stating the intent of the municipality to consider annexation." N.C.G.S. § 160A-37(a) (1985) (emphasis added). This language was neither changed nor affected by the 1983 amendment mandating a waiting period before involuntary annexation could be initiated under section 160A-37(i) or completed under section 160A-37(j).

Finally, we note the Court of Appeals' concern that if it were to have held as we do now, it

> would be arbitrarily preferring voluntary annexation over involuntary annexation since, once a resolution of consideration is passed, property owners in the area under consideration could, under similar circumstances, do what was done here, i.e., choose another municipality and petition for voluntary annexation by them.

*Town of Hazelwood v. Town of Waynesville*, 83 N.C. App. at 673, 351 S.E. 2d at 560. The Court of Appeals may have read the holding in *Burlington* that voluntary and involuntary annexation procedures were equivalent for purposes of the prior jurisdiction rule to mean that they were equivalent proceedings in every respect. We note again that, despite this Court's indication in *Burlington* that for purposes of determining jurisdiction the two means of annexation are equivalent, the statute itself has a built-in preference. The statute requires at least a year for completion of the process of involuntary annexation. Voluntary annexation, however, may be completed in less than two weeks. Thus, a deliberate preference for voluntary annexation is incorporated into the law. This statutory preference also informs our interpretation of the provisions before us.

In reversing the decision of the Court of Appeals, we also take judicial notice of recently ratified legislation that amends

N.C.G.S. §§ 160A-37(i) and -49(i) (governing involuntary annexation for cities of more than 5,000), so that they now provide that "adoption of [a] resolution of consideration shall not confer prior jurisdiction over the area as to any other city." 1987 N.C. Sess. Laws ch. 44. The Act is effective from and after 29 June 1983, but does not affect litigation pending on the date of ratification. Its provisions thus do not resolve the question now before us.

It is presumed, however, that an amendment to a statute is generally designed either to change the law or to clarify it. *Childers v. Parker's, Inc.*, 274 N.C. 256, 260, 162 S.E. 2d 481, 483 (1968). When the legislature amends an ambiguous statute, the presumption is not that its intent was to change the original act, but "merely to '. . . clarify that which was previously doubtful.' " *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 240, 328 S.E. 2d 274, 280 (1985), quoting *Childers v. Parker's, Inc.*, 274 N.C. at 260, 162 S.E. 2d at 484. The recent legislation amending sections 160A-37(i) and -49(i) was clearly enacted in response to the Court of Appeals' decision in this case, and it bolsters our interpretation of the policies and reasoning behind the annexation statutes generally.

Plaintiff contends, as an alternative basis for its challenge to defendant's annexation of the Plott Creek subdivision, that the absence of the signatures of a life tenant and of certain tenants by the entirety on the petitions certified as sufficient by the Waynesville Town Clerk indicates imperfect compliance with the requisites of N.C.G.S. § 160A-31 and therefore vitiates the validity of the ordinance. These contentions appear neither as allegations in plaintiff's complaint nor as objections or exceptions in the record of proceedings before the trial court nor as an assignment of error argued in plaintiff's brief before the Court of Appeals. "This Court will not decide questions which have not been presented in the courts below . . . ." *White v. Pate*, 308 N.C. 759, 765, 304 S.E. 2d 199, 203 (1983); *see also Sales Co. v. Board of Transportation*, 292 N.C. 437, 443, 233 S.E. 2d 569, 573 (1977). We thus do not reach "this question which the [plaintiff] attempt[s] to raise for the first time here." *White*, 308 N.C. at 765, 304 S.E. 2d at 203.

The materials before the trial court presented "no genuine issue of material fact," N.C.G.S. § 1A-1, Rule 56, but purely a

question of law as to the validity of defendant Town of Waynes-
ville's voluntary annexation of the Plott Creek subdivision. For
the reasons set forth above, that annexation was valid, and it
preempted any effort by plaintiff Town of Hazelwood to involun-
tarily annex the same territory. The trial court thus properly en-
tered summary judgment for defendant Town of Waynesville, and
the Court of Appeals erred in reversing that ruling. Accordingly,
the decision of the Court of Appeals is

Reversed.