CITY OF KANNAPOLIS v. CITY OF CONCORD

[95 N.C. App. 591 (1989)]

New trial.

Judges ARNOLD and LEWIS concur.

---

CITY OF KANNAPOLIS, APPELLANT v. CITY OF CONCORD, APPELLEE

No. 8819SC1342

(Filed 19 September 1989)

1. **Municipal Corporations § 2.3— annexation—contiguous property—resolution to annex invalid**

   A resolution of intent to annex Lake Concord property by the City of Concord on 14 October 1987 was not valid because the Lake Concord property was not contiguous to the municipal boundaries at the time even though Concord on the same date passed a resolution fixing the date for a public hearing to accept petitions for voluntary annexation of a privately owned strip of land (the Copperfield property) between Lake Concord and the municipal boundaries. The Lake Concord property was clearly annexed under N.C.G.S. § 160A-31(g), which requires that the resolution of intent to annex municipally owned property state that the property to be annexed is contiguous. The Copperfield property did not become legally annexed until 31 October 1987; the two properties were annexed by different procedures with independent requirements and cannot be considered one area for the purpose of satisfying the contiguity requirement.

2. **Municipal Corporations § 2.1— annexation—statement that involuntary annexation effective in one year omitted—resolution invalid**

   A resolution of annexation by the City of Kannapolis was invalid where Kannapolis sought to annex property pursuant to the statute for involuntary annexation, N.C.G.S. § 160A-49, but its resolution of intent did not provide that the annexation would take effect one year after passage of the resolution. The statute does not require merely that the annexation not take effect for one year, but explicitly requires that the resolution state that the annexation will not take effect for one year; where Kannapolis's resolution of intent omits an essential

condition of compliance with N.C.G.S. § 160A-49(j), the error is fatal.

**3. Municipal Corporations § 2— annexation by two municipalities—invalid resolutions—first mandatory procedural step**

Summary judgment for the City of Concord was appropriate in an action arising from attempts by Kannapolis and Concord to annex the same area where Concord passed a resolution of intent to annex the Lake Concord property on 24 September 1987; Kannapolis passed a resolution of intent to annex the same property on 14 October 1987; Concord passed a new resolution of intent to annex the property on 10 December 1987; the original Concord resolution was invalid because the Lake Concord property was not contiguous to the boundaries of Concord; the Kannapolis resolution was invalid for failure to comply with an essential requirement of N.C.G.S. § 160A-49(j); and Concord had by 10 December annexed the property between its boundaries and Lake Concord, so that its last resolution was valid and was the first mandatory step.

Judge PHILLIPS dissenting.

APPEAL by City of Kannapolis from *Cornelius (C. Preston), Judge.* Judgment entered 19 September 1988 in Superior Court, CABARRUS County. Heard in the Court of Appeals 7 June 1989.

On 24 September 1987 the City of Concord passed two resolutions. The first fixed the date for a public hearing to accept petitions for voluntary annexation of a privately owned strip of land (the "Copperfield" property). The second was a resolution of intent to annex a municipally owned piece of property on which Lake Concord is situated (the "Lake Concord" property). The Copperfield property was contiguous to the City of Concord. The Lake Concord property was contiguous to the Copperfield property but was not contiguous to the boundaries of the City of Concord. On 14 October 1987 the City of Kannapolis passed a resolution of intent to annex the same Lake Concord property.

On 29 October 1987 the City of Kannapolis filed a civil complaint alleging that Concord's resolution of intent to annex the Lake Concord property was invalid because this property was not contiguous to the municipal boundaries of Concord as required by G.S. 160-31. Concord subsequently passed a new resolution of intent to annex the Lake Concord property on 10 December 1987.

At trial both parties filed for summary judgment. The trial judge denied the motion filed by Kannapolis and granted the motion filed by Concord. The City of Kannapolis appeals.

*Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr. and Jeane Schulte Scott, and Rutledge, Friday, Safrit & Smith, by Walter M. Safrit, II, for appellants.*

*Petree, Stockton & Robinson, by Penni Pearson Bradshaw, Kenneth S. Broun, and Johnson, Belo & Plummer, by Gordon L. Belo, for appellees.*

LEWIS, Judge.

Neither party suggests the presence of any issue of material fact. We therefore limit our review of this case to determine whether the city of Concord was entitled to summary judgment as a matter of law. *Brawley v. Brawley*, 87 N.C. App. 545, 361 S.E.2d 759 (1987), *cert. denied*, 321 N.C. 471, 364 S.E.2d 918 (1988). Where two municipalities are attempting to annex the same area, North Carolina has adopted the Prior Jurisdiction Rule. *City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E.2d 534 (1984). The first municipality to institute a valid annexation proceeding has priority and subsequent annexation proceedings are invalid. *Id.* The rule applies from the date of the first mandatory procedural step. *Id.* Where applicable, the resolution of intent to annex is considered the first mandatory procedural step. *Town of Hazelwood v. Town of Waynesville*, 320 N.C. 89, 357 S.E.2d 686 (1987), *reh'g denied*, 320 N.C. 639, 360 S.E.2d 106 (1987).

I

[1] Appellant, the City of Kannapolis, contends that it instituted the first mandatory procedural step with respect to the Lake Concord property on 14 October 1987. Appellant contends that Concord's resolution of intent to annex on 24 September 1987 was invalid because the Lake Concord property was not contiguous to the municipal boundaries of Concord at the time. Contiguity is required by the subsection under which Concord sought to annex the Lake Concord property. 160A-31(g).

> For purposes of this section, an area shall be deemed 'contiguous' if, at the time the petition is submitted, such area either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way,

a creek or river, or the right-of-way of a railroad or other public service corporation, lands owned by the municipality of some other political subdivision or lands owned by the State of North Carolina.

G.S. 160A-31(f). It is an undisputed fact that the Lake Concord property is not geographically contiguous to the legal municipal boundaries of Concord as they stood on 24 September 1987. However, Concord contends in their brief that the Lake Concord property was only one part of the "area" annexed on that day, and that the area as a whole is "contiguous" to Concord because the Copperfield property is contiguous to Concord and the Lake Concord property is contiguous to the Copperfield property. We reject this contention. The Lake Concord property was annexed under G.S. 160A-31(g). That statute states that a city "may initiate annexation of contiguous property owned by the municipality by adopting a resolution stating its intent to annex the property. . . . The resolution shall . . . state that the property is contiguous to the municipal boundaries. . . ." G.S. 160A-31(g). The statute clearly requires that the resolution of intent to annex municipally owned property state that the property to be annexed in the resolution is contiguous. Concord's resolution of intent to annex the Lake Concord property did not and could not truthfully have so stated. Even though a resolution concerning the Copperfield property was passed on the same day, the Copperfield property was not yet legally annexed and did not become legally annexed until 31 December 1987, as stated in Concord's Ordinance to Extend the Corporate Limits of the City of Concord of 8 October 1987. The two properties were annexed by different procedures with independent requirements and cannot be considered one whole area for the purpose of satisfying the contiguity requirement. Since the Lake Concord property was not at that date contiguous to Concord, and since the annexation statute requires that municipally owned property be contiguous, Concord's attempt to annex the Lake Concord property was void.

## II

[2] Kannapolis contends that its own resolution of intent on 8 October 1987 to annex the Lake Concord property was therefore the first valid mandatory procedure. Kannapolis sought to annex the Lake Concord property pursuant to the statute for involuntary annexation, G.S. 160A-49. Kannapolis initiated its annexation procedure pursuant to 160A-49(j), which states that a previous resolu-

tion of consideration need not be filed, "if the resolution of intent describing the area and the ordinance annexing the area both provide that the effective date of the annexation shall be at least one year from the date of passage of the annexation ordinance." Concord contends that Kannapolis' attempt to annex Lake Concord was void because its resolution of intent did not provide that the annexation would take effect one year after ·passage of the ordinance. Unlike the statute for voluntary annexation, the statutory procedure for involuntary annexation requires a one-year waiting period. *Town of Hazelwood v. Town of Waynesville, supra* at 94, 357 S.E.2d at 689. However, Kannapolis' mistake is not fatal if it is in "substantial compliance" with the essential requirements of the state. *In re Annexation Ordinance Adopted by City of Jacksonville,* 255 N.C. 633, 642, 122 S.E.2d 690, 697 (1961). Kannapolis contends that its mistake is purely procedural because the annexation still does not take effect for one year and because the error did not materially prejudice anyone. We reject this contention. The absence of prejudice does not in itself guarantee "substantial compliance." *Id.* The statute states that a municipality may bypass a resolution of consideration only if both the resolution of intent and the ordinance to annex express the one-year provision. G.S. 160A-49(j). The statute does not require merely that the annexation not take effect for one year, but explicitly requires that the resolution of intent state that this is the case. *Id.* Where Kannapolis' resolution of intent omits an essential condition of compliance with G.S. 160A-49(j), the error is fatal. Kannapolis' resolution of intent therefore does not trigger the Prior Jurisdiction Rule.

### III

[3] Next, we consider Concord's contention that its second resolution of intent to annex the Lake Concord property on 10 December 1987 is the first valid mandatory procedural step. We conclude that this resolution did satisfy the Prior Jurisdiction Rule in Concord's favor. Though Concord's original resolution of intent on 24 September 1987 to annex the Lake Concord property was invalid, its annexation of the Copperfield property on that same day was in compliance with the procedure for voluntary annexation by petition set forth in 160A-31. When that annexation became effective on 31 October 1987 the Lake Concord property became contiguous to the municipal boundaries of Concord. Concord's resolution of intent to annex the Lake Concord property on 10 December 1987 therefore satisfied the contiguity requirement of G.S. 160A-31, as

the first valid "mandatory procedure" toward annexation of the property, and triggered the Prior Jurisdiction Rule. *City of Burlington v. Town of Elon College, supra.* We therefore conclude that summary judgment for Concord was appropriate.

Affirmed.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion Kannapolis took the first valid step toward annexation, its failure to state in the Notice of Intent to Annex that annexation would be delayed for a year was a minor rather than a fatal defect, and summary judgment should have been entered for it instead of Concord.