CITY OF KANNAPOLIS v. CITY OF CONCORD

No. 460A89

(Filed 10 May 1990)

1. **Municipal Corporations § 2.1 (NCI3d) — voluntary annexation — simultaneous annexation necessary for contiguity — statutory requirements not met**

N.C.G.S. §§ 160A-31(f) and (g) do not permit a municipality to annex by voluntary means a tract of land owned by the municipality that is contiguous with its municipal boundaries only by virtue of a second tract of land that is being annexed simultaneously.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 62, 66, 67, 69.**

2. **Municipal Corporations § 2.1 (NCI3d) — involuntary annexation — resolution of intent — failure to state effective date — inconsequential irregularity**

The failure of a municipality to specify in its initial resolution of intent to annex that the effective date of the involuntary annexation would be at least one year from the date of passage of the annexation ordinance was an inconsequential irregularity which did not invalidate the annexation where the correct annexation date was set forth in the annexation ordinance. N.C.G.S. § 160A-49(j).

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 62, 66, 67, 69.**

3. **Municipal Corporations § 2 (NCI3d) — prior jurisdiction to annex**

The City of Kannapolis acquired prior jurisdiction over the City of Concord to annex Lake Concord property where Kannapolis adopted a valid resolution of intent to annex on 14 October 1987, a previously initiated voluntary annexation proceeding by Concord was invalid because the property was

not then contiguous to its boundaries, and a valid annexation proceeding by Concord was not initiated until 10 December 1987.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 62, 66, 67, 69.**

Justice FRYE dissenting.

Justice MARTIN dissenting.

Justice FRYE joins in this dissenting opinion.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, reported at 95 N.C. App. 591, 383 S.E.2d 402 (1989), affirming summary judgment for defendant entered by *Cornelius, J.,* on 19 September 1988 in Superior Court, CABARRUS County. Defendant cross-appealed, and on 20 November 1989 we allowed discretionary review of the issue raised by the cross-appeal. Heard in the Supreme Court 14 March 1990.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and Rutledge, Friday, Safrit & Smith, by Walter M. Safrit, II, for plaintiff, appellant and cross-appellee.*

*Petree Stockton & Robinson, by W. R. Loftis, Jr., Penni P. Bradshaw, Kenneth S. Broun and J. Anthony Penry, and Johnson, Belo & Plummer, by Gordon L. Belo, for defendant, appellee and cross-appellant.*

WHICHARD, Justice.

This appeal involves attempts by two municipalities to annex the same area, Lake Concord and its watershed, which abuts the City of Kannapolis, and which, prior to annexation by the City of Concord of the intervening tract, was separated from that city by an intervening tract of land consisting of eight parcels. The issue presented by defendant Concord's cross-appeal is whether the North Carolina annexation statutes permit a municipality to annex by voluntary means a tract of land that is contiguous with its municipal boundaries only by virtue of a second tract of land that is being annexed simultaneously. We hold that they do not. The issue presented by plaintiff Kannapolis' appeal is whether its failure to specify in its initial resolution of intent to annex that the effective date of the annexation would be at least one year

from the date of passage of the annexation ordinance constituted substantial incompliance with the annexation statute, thus voiding the annexation. We hold that it did not. The result is that under the "prior jurisdiction rule" plaintiff Kannapolis prevails as the first to annex.

The City of Concord is separated from Lake Concord and its watershed, both of which it owns, by a tract of land whose owners filed a petition for voluntary annexation with the Concord Board of Aldermen on or about 16 September 1987. On 24 September 1987, in accordance with the provisions of N.C.G.S. § 160A-31(c), the Board of Aldermen adopted resolutions acknowledging the submittal of this petition, directing the city clerk to investigate its sufficiency, and fixing 8 October 1987 for the public hearing mandated by the statute. The Board also adopted a third resolution stating defendant Concord's intent to annex its Lake Concord property and prescribing that the question of this annexation be addressed at the same public meeting as that set for the annexation of the first, privately-owned tract. This third resolution was adopted pursuant to N.C.G.S. § 160A-31(g), which provides that the governing board of a municipality "may initiate annexation of contiguous property owned by the municipality by adopting a resolution stating its intent to annex the property, in lieu of filing a petition." N.C.G.S. § 160A-31(g) (1987).

Notice of the public hearing was properly published. On 8 October 1987, at the conclusion of the hearing, defendant Concord's Board of Aldermen found that the landowners' petition for annexation met the requirements of N.C.G.S. § 160A-31, and it passed an ordinance annexing that eight-parcel tract to the City of Concord, to be effective 31 October 1987. The Board simultaneously passed an ordinance annexing the Lake Concord property, also to be effective 31 October 1987.

On 14 October 1987, plaintiff Kannapolis' City Council adopted a "resolution of intent" to consider the annexation of certain properties contiguous with its boundaries, including the Lake Concord property. Plaintiff Kannapolis followed the procedure for involuntary annexation detailed in N.C.G.S. § 160A-49. This statute mandates that no resolution of intent may be adopted unless the municipality's governing body has *either* identified the area under consideration for annexation at least one year prior to adopting

a resolution of intent, N.C.G.S. § 160A-49(i) (1987),[1] *or*, for cities initiating annexation with a resolution of intent rather than a resolution of consideration, by providing in the resolution of intent *and* in the ordinance annexing the area "that the effective date of the annexation shall be at least one year from the date of passage of the annexation ordinance." N.C.G.S. § 160A-49(j) (1987). *See Town of Hazelwood v. Town of Waynesville,* 320 N.C. 89, 90-91, 357 S.E.2d 686, 687, *reh'g denied,* 320 N.C. 639, 360 S.E.2d 106 (1987). Plaintiff Kannapolis' resolution of intent to consider the annexation of the Lake Concord property, while otherwise in compliance with the statute, failed to specify the effective date of annexation. The annexation ordinance, adopted 30 March 1988, however, did specify an effective date of 31 March 1989.

In its complaint under the Declaratory Judgment Act, N.C.G.S. § 1-253 through -267 (1983), plaintiff Kannapolis averred that annexation of the Lake Concord property by defendant Concord was invalid because, at the time of adoption of defendant Concord's resolution of intent to annex the Lake Concord tract, the property was not contiguous with that city's boundaries. In its answer defendant Concord asserted that plaintiff Kannapolis also had failed to comply with the statutory procedures for involuntary annexation and thus had failed to acquire prior jurisdiction[2] for annexation of the Lake Concord property.

Aware that its initial efforts to annex the Lake Concord property might have been procedurally flawed, defendant Concord attempted to repeat its annexation process properly. On 10 December 1987, the Board of Aldermen adopted a second resolution of intent to annex the Lake Concord property in accordance with N.C.G.S. § 160A-31(g). As the intervening privately-owned tract had been annexed effective 31 October 1987, the Lake Concord property was, by that date, contiguous with defendant Concord's boundaries, as was statutorily required for the annexation of municipally owned property. N.C.G.S. § 160A-31(g) (1987).

---

1. On 2 February 1987 both plaintiff Kannapolis and defendant Concord had initiated annexation of the Lake Concord area in accordance with N.C.G.S. § 160A-49(i) by adopting resolutions of consideration for the future annexation of that tract.

2. Among equivalent proceedings the "one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted." *City of Burlington v. Town of Elon College,* 310 N.C. 723, 727, 314 S.E.2d 534, 537 (1984) (quoting 2 E. McQuillin, *The Law of Municipal Corporations* Sec. 7.22a (3d ed. 1966)).

CITY OF KANNAPOLIS v. CITY OF CONCORD

[326 N.C. 512 (1990)]

The trial court granted summary judgment for defendant Concord, and the Court of Appeals affirmed. *City of Kannapolis v. City of Concord*, 95 N.C. App. 591, 383 S.E.2d 402 (1989). The Court of Appeals held that because annexation by defendant Concord of the intervening tract—the subject of the landowners' petition for voluntary annexation—was not effective until 31 October 1987, the Lake Concord property was not contiguous to defendant Concord at any time prior to that date, as required by N.C.G.S. § 160A-31(g) for annexation. *Id.* at 593-94, 383 S.E.2d at 403-04. The majority, however, held that the failure of plaintiff Kannapolis to comply with the requisite of N.C.G.S. § 160A-49(j) by providing in its initial resolution of intent that the annexation would take effect one year after the passage of the ordinance was fatal to its attempt to annex the property, despite plaintiff Kannapolis' averment that such a "purely procedural" mistake did not materially prejudice anyone. Stating that the absence of prejudice does not in itself guarantee "substantial compliance," the majority held that the statutory requisite is explicit and essential. *Id.* at 595, 383 S.E.2d at 404-05. Judge Phillips, dissenting, maintained that the absence of a specified effective annexation date from the resolution of intent was a minor defect and that accordingly summary judgment should have been entered for plaintiff Kannapolis. *Id.* at 596, 383 S.E.2d at 405. Plaintiff Kannapolis exercised its right to appeal. N.C.G.S. § 7A-30(2) (1989). Defendant Concord cross-appealed, and on 20 November 1989 we allowed its petition for discretionary review of the issue raised by the cross-appeal, *viz*, whether its 24 September 1987 resolution of intent to annex was invalid because the subject property was not contiguous to its boundaries at the time.

Our review is limited to the following inquiries: "(1) Did [each] municipality comply with the statutory procedures? (2) If not, will [the opposing party] 'suffer material injury' by reason of the municipality's failure to comply?" *In re Annexation Ordinance*, 278 N.C. 641, 647, 180 S.E.2d 851, 855 (1971). Where annexation proceedings "show *prima facie* that there has been substantial compliance with the requirements and provisions of the Act, the burden is upon [the opposing party] to show by competent evidence failure on the part of the municipality to comply with the statutory requirements as a matter of fact, or irregularity in proceedings which materially prejudice[s] the substantive rights of [the opposing party]." *In re Annexation Ordinance*, 255 N.C. 633, 642, 122 S.E.2d

690, 697 (1961). "Substantial compliance means compliance with the essential requirements of the Act." *Huntley v. Potter*, 255 N.C. 619, 627, 122 S.E.2d 681, 686 (1961).

[1] The question presented by the cross-appeal is whether the initial annexation of the Lake Concord property by defendant Concord was invalid because that property was not itself contiguous to any boundary of that city at the time of the adoption of the resolution of intent to annex. We hold that the Court of Appeals correctly resolved this question. The governing statute plainly states that a municipality "may initiate annexation of *contiguous* property owned by the municipality by adopting a resolution stating its intent to annex the property, in lieu of filing a petition." N.C.G.S. § 160A-31(g) (1987) (emphasis added). N.C.G.S. § 160A-31(f) provides:

> [A]n area shall be deemed "contiguous" if, at the time the petition is submitted, such area either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way, a creek or river, or the right-of-way of a railroad or other public service corporation, lands owned by the municipality or some other political subdivision, or lands owned by the State of North Carolina.

N.C.G.S. § 160A-31(f) (1987). As the Court of Appeals noted, the privately-owned tract linking the Lake Concord property to the Concord city limits was not legally annexed on the date the Concord Board of Aldermen adopted its resolution of intent regarding the Lake Concord property, and it did not become so annexed until the effective date of the annexation ordinance, 31 October 1987. *City of Kannapolis v. City of Concord*, 95 N.C. App. at 594, 383 S.E.2d at 404. Contiguity with the boundaries of the annexing municipality at the time of the adoption of a resolution of intent pursuant to N.C.G.S. § 160A-31(g) is without question an essential requirement of N.C.G.S. §§ 160A-31(f) and (g), read together; failure to meet that requirement precludes a showing of substantial compliance with the Act's provisions and compels the holding that this resolution of intent was void. Thus, for purposes of the prior jurisdiction rule, the first valid mandatory public procedural step by defendant Concord in its attempt to annex the Lake Concord property was taken on 10 December 1987, the date of the adoption by the Concord Board of Aldermen of its second resolution of intent to annex that property.

CITY OF KANNAPOLIS v. CITY OF CONCORD

[326 N.C. 512 (1990)]

[2]   Applying the same standard of review to the question presented by plaintiff Kannapolis' appeal—whether plaintiff Kannapolis' failure to provide in its initial resolution of intent that the effective date of its annexation would be at least one year from the date of passage of the annexation ordinance precluded substantial compliance with the Act and materially injured defendant Concord—we conclude that such failure was an inconsequential irregularity.

> Absolute and literal compliance with a statute enacted describing the conditions of annexation is unnecessary; substantial compliance only is required. . . . The reason is clear. Absolute and literal compliance with the statute would result in defeating the purpose of the statute in situations where no one has been or could be misled.

*In re Annexation Ordinance*, 278 N.C. 641, 648, 180 S.E.2d 851, 856 (quoting *State v. Town of Benson, Cochise County*, 95 Ariz. 107, 108, 387 P.2d 807, 808 (1963)).

As we noted in *Town of Hazelwood v. Town of Waynesville*, 320 N.C. 89, 93, 357 S.E.2d 686, 688, the statute governing involuntary annexation *mandates* a waiting period of at least one year before annexation may be completed, whether the process is initiated by resolution of consideration or, as here, by resolution of intent to annex. The reason the statute requires a lengthy period of consideration preceding either the mandatory resolution of intent or the effective date of the annexation ordinance is "to require towns and cities to consider carefully the consequences of involuntary annexation of a particular territory, and it indicates the legislature's desire to enable residents of the area under consideration to anticipate and adjust to the proposed annexation." *Id.*, 357 S.E.2d at 689. It is not the specification of a date at least one year in advance of a resolution of intent to annex that provides a municipality a lengthy period of reflection on its intention and provides affected property owners an opportunity to anticipate and adjust, but the period itself, which is mandated by statute. Given that the minimum period is set by statute and that the annexation ordinance adopted by plaintiff Kannapolis on 30 March 1988 did state the date annexation was to be effective, *viz*, 31 March 1989, the failure of plaintiff Kannapolis to state that date in its resolution of intent was not an omission of an essential requirement of the statute. The statement of the effective date in the annexation ordinance allowed affected parties ample time for

action regarding the proposed annexation, thus fulfilling the notice purpose of the statute. The failure to include the effective date in the resolution of intent also thus was only a "slight irregularity," and "slight irregularities will not invalidate annexation proceedings if there has been substantial compliance with all essential provisions of the law." *In re Annexation Ordinance*, 278 N.C. at 648, 180 S.E.2d at 856.

[3] Because the first valid mandatory public procedural step taken towards the involuntary annexation of the Lake Concord property by the City of Kannapolis was its resolution of intent of 14 October 1987, its proceedings were prior in time and thus prior in jurisdiction to the valid, voluntary annexation proceedings belatedly initiated by the City of Concord on 10 December 1987. *See City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E.2d 534. Accordingly, the decision of the Court of Appeals affirming summary judgment for defendant City of Concord is reversed. The case is remanded to the Court of Appeals for further remand to the Superior Court, Cabarrus County, for entry of summary judgment for plaintiff City of Kannapolis.

Reversed and remanded.

Justice MARTIN dissenting.

I respectfully dissent from the opinion by my brother Whichard. The majority is correct in its holding that Concord's first valid attempt to annex the subject property was taken on 10 December 1987, however, that does not answer the entire case. Kannapolis has never filed a valid proceeding for the purpose of annexing the property in question. Its resolution of intent on 14 October 1987 was fatally defective. Kannapolis began its procedure pursuant to N.C.G.S. § 160A-49(j) which requires that the resolution of intent provide that the effective date of the annexation shall be at least one year from the date of passage of the annexation ordinance. Kannapolis concedes that it failed to include this statutory requirement in its resolution. The statutory procedure for involuntary annexation requires a one-year waiting period, and the statute clearly requires that such be stated in the resolution of intent.

Nevertheless, Kannapolis argues that it has substantially complied with the statute and that its error is not fatal. *In re Annexation Ordinance*, 255 N.C. 633, 122 S.E.2d 690 (1961). Kannapolis

argues that the mistake is purely procedural because the annexation still does not take effect for one year and because the error did not materially prejudice anyone. I find that there is such prejudice, albeit the absence of prejudice does not in itself fulfill the requirements of substantial compliance. *Id.* The statute explicitly requires that the resolution of intent state that the annexation will not take effect for one year after the adoption of the ordinance. This is an essential condition of compliance with the statute, and its omission is a fatal error.

The purpose of requiring this information to be included in the resolution of intent is not to set a period of one year aside for the annexing municipality to think great thoughts about whether it should proceed with the annexation. This appears to be the principal argument of the majority. The purpose of requiring this information in the resolution of intent is so that the affected people living in the area to be annexed, and in the other areas of the municipality, may have an opportunity to review and study the issue and to attend any meetings to be held with respect thereto and to organize on their own such groups as they might care to either favoring or disfavoring such annexation. The resolution of intent is not something for the benefit of the governing body of the municipality but is for the purpose of providing information to the affected citizens and to the affected neighboring municipalities as to the impending annexation, thus allowing those affected parties to take such action as they think proper with respect to the proposed annexation. I cannot conceive how this is simply a technical or procedural error. It is the very heart and reason for requiring the passage of the resolution of intent. Plaintiff's fatally flawed resolution of intent does not support the "prior jurisdiction rule."

The majority attempts to justify Kannapolis' proceeding by arguing that the notice in the ordinance is sufficient to substantially comply with the statute. This argument totally misses the mark. Once the ordinance is passed, affected parties have no recourse with the city. I do not know of any incidence in which a municipality has revoked an annexation ordinance.

The citizens affected by the annexation need to know the effective date so that they can take intelligent action to attack or support the *passage* of the proposed ordinance. They have no "ample time for action" once the ordinance is adopted. There is no need to lock the barn once the horse has departed.

## CITY OF KANNAPOLIS v. CITY OF CONCORD

[326 N.C. 512 (1990)]

Where a municipality embarks upon such a serious governmental function as the annexation of property, it is incumbent upon that municipality to comply strictly with the authorizing statute. This is because the statute sets out the best methods in which the citizens of the municipality may be advised as to the proposed action by the municipality. This is especially important in this case where Kannapolis seeks to annex Lake Concord, a watershed and impoundment facility, belonging to the City of Concord and included by Concord in its future planning as a water source for its citizens. By failing to follow the authorizing statute in this case, the general populace of affected parties has been deprived of information concerning this important and drastic action by their government. Governmental action without providing the citizens with proper information has been condemned in this country since the Revolution of 1776. A democratic government can only be sustained by an informed public. I vote to affirm the decision of the Court of Appeals.

Justice FRYE joins in this dissenting opinion.

Justice FRYE dissenting.

Stripped of legalese, the question in this case is whether Concord or Kannapolis took the first valid mandatory public procedural step to annex Lake Concord and its watershed. Concord made a false start but corrected it on 10 December 1987. Kannapolis made a false start on 14 October 1987 and attempted to correct it on 30 March 1988 when the annexation ordinance was adopted. Thus, Concord, not Kannapolis, wins the race. I do not believe that the failure to include the effective date in the resolution of intent is a "slight irregularity" or that putting the correct date in the annexation ordinance some five and one-half months later cures the defect so as to cut off Concord's right to annex its own property. Accordingly, I dissent from the result reached by the majority.