381 P.2d 760

The STATE of Arizona, ex rel. Lloyd C. HELM, County Attorney of Cochise County, Appellant,

v.

TOWN OF BENSON, Cochise County, Arizona, and Fred Becchetti, Russell Moore, Peter Wilharm, Emory Brandt and Dale Augenbaugh, Mayor and Councilmen, respectively of the Town of Benson, Cochise County, Arizona, Appellees.

No. 7514.

Supreme Court of Arizona.

In Division.

May 22, 1963.

Rehearing Granted July 2, 1963.

---

Lloyd C. Helm, former Cochise County Atty. Richard J. Riley, Cochise County Atty., Bisbee, for appellant.

J. Mercer Johnson, Tucson, Fred P. Talmadge, Benson, for appellees.

LOCKWOOD, Justice.

Action was brought by appellant, State of Arizona, through Lloyd C. Helm as County Attorney of Cochise County, to declare invalid an annexation of certain territory in Cochise County by the Town of Benson. The complaint alleges that the petition for annexation was not legally presented to the town council before the annexation ordinance was enacted, that it was not signed by the owners of one-half the value of the real and personal property subject to taxation, that it was not signed by persons authorized to do so and that there was no legal cause for the passage of the ordinance as an emergency measure. The trial court made findings of fact and conclusions of law holding against appellant on these matters.

The annexation in question was initiated by the Town Council of Benson. On December 28, 1960, an attorney was authorized by Fred Becchetti, Mayor of Benson, to

obtain the signatures of taxpayers El Paso Natural Gas Company and Southern Pacific Company. The attorney took the petition to annex to Tucson where H. C. Warnock signed the petition on behalf of both companies. Information that the signatures had been obtained was telephoned to Mayor Becchetti. A duplicate of the petition, except for the signatures, was before the council at that time. Thereupon, the council immediately adopted the annexation ordinance at a special meeting. The signed petition was received by the city clerk of Benson the following day, December 29, 1960, after the ordinance was adopted.

Appellant claims that before the Town of Benson was empowered to act to annex the subject territory there must have been presented to it the signed petition.[1] The position of appellee, Town of Benson, is that it was reliably informed that there was in the possession of its agent a petition signed by persons constituting a sufficient number of signatures, and that this was the equivalent of presentation. The trial court found that these companies were the owners of more than one-half the value of the real and personal property subject to taxation in the territory annexed.

No prior decision of this court has dealt with precisely this question. The general rule is that statutes prescribing the conditions under which annexation may be accomplished must be substantially complied with. City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717; McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537. In the McCune case a conflict arose between the cities of Phoenix and Scottsdale as to which of the two first acquired jurisdiction to annex territory each was claiming under its own annexation ordinance. The Scottsdale petition to annex was filed with its city clerk prior to the time the Phoenix petition was filed with the Phoenix city clerk. However, the Phoenix City Council was the first to act on the petition to annex. The holding that Phoenix first acquired jurisdiction to the exclusion of Scottsdale in effect determined that mere filing of a petition with the city clerk did not constitute the required presentation to the council. It follows that presentation to the town or city council is a separate step

---

1. A.R.S. § 9–471. "Annexation by petition

"A. A city or town may extend and increase its corporate limits in the following manner:

"On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town upon filing and recording a copy of the ordinance, with an accurate map of the territory annexed, certified by the mayor of the city or town, in the office of the county recorder of the county where the annexed territory is located."

from filing and is a prerequisite to jurisdiction. Thus, possession of the signed petition by the town's agent was not sufficient to confer jurisdiction.

 Possession by the town council of an unsigned duplicate of the petition also does not meet this jurisdictional requirement. A petition in writing signed by the owners of not less than one-half in value of the property of the territory to be annexed is the basis of the right of the municipality to act. A.R.S. § 9–471 supra. The most reliable assurance that such a petition exists will not make the unsigned copy sufficient for this purpose. Presentation, as provided, in the statute, implies a delivery of such a petition and a formal exhibit of it so that, with full knowledge, it may be accepted or rejected by the governing body of the municipality. Cf. Cameron v. North Birmingham Trust & Savings Bank, 17 Ala.App. 210, 84 So. 569; Spalding v. McKnight, 61 Wyo. 22, 154 P.2d 312.

The town council therefore had no jurisdiction to enact the annexation ordinance on December 28, 1960, and the ordinance is void. This being the case, there is no need to discuss the evidentiary questions raised by the appeal.

Judgment reversed.

UDALL, V. C. J., and JENNINGS, J., concur.