387 P.2d 807

**The STATE of Arizona ex rel. Lloyd C. HELM, County Attorney of Cochise County, Appellant,**

**v.**

**TOWN OF BENSON, COCHISE COUNTY, Arizona, and Fred Becchetti, Russell Moore, Peter Wilharm, Emory Brandt and Dale Augenbaugh, Mayor and Councilmen, respectively, of the Town of Benson, Cochise County, Arizona, Appellees.**

**No. 7514.**

Supreme Court of Arizona,

En Banc.

Dec. 19, 1963.

Lloyd C. Helm, Former Cochise County Atty., Bisbee, Richard J. Riley, Cochise County Atty., Bisbee, for appellant.

J. Mercer Johnson, Tucson, and Fred P. Talmadge, Benson, for appellees.

STRUCKMEYER, Justice.

This action was brought to test the validity of the annexation of certain territory by the Town of Benson in Cochise County, Arizona. We held in State ex rel. Helm v. Town of Benson, 94 Ariz. 75, 381 P.2d 760, that the town council had no jurisdiction to enact the annexation ordinance in question and that the ordinance was void.

On rehearing, we have concluded that our opinion was unnecessarily restrictive in its interpretation of the language of the annexation statute, A.R.S. § 9–471. The statute permits the governing body of a city or town "on presentation" of a petition in writing to annex territory by adopting an ordinance and filing and recording a copy of the ordinance with an accurate map of the territory annexed.

On December 28, 1960, the Town of Benson needed the signature of the proper agent of the Southern Pacific Company to complete a proper petition to confer jurisdiction to annex the territory in question. The town council had previously obtained a letter of intent from the Southern Pacific Company indicating it would sign a written petition. The town directed its special counsel to go to Tucson where the principal offices of the Southern Pacific Company were located and there obtain the signature of the authorized officer. Special counsel did obtain the signature of the authorized officer and advised the mayor of the Town of Benson by telephone that the completed, signed petition was in his possession. Thereafter and on the same day the governing body of the town, having in its possession a copy of the petition, adopted an ordinance and completed the annexation.

We said in our original decision that the word "presentation" implies a delivery of the petition and a formal exhibit of it. We did not say to whom the petition must be exhibited although inferentially it would have to be concluded that such delivery and exhibition must be to the mayor and town council. We are now of the opinion that in this conclusion we were in error.

■ Absolute and literal compliance with a statute enacted describing the conditions of annexation are unnecessary; substantial compliance only is required. McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537; City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717. The reason is clear. Absolute and literal compliance with the statute would result in defeating the purpose of the statute in situations where no one has been or could be misled. Jefferson Union School District v. City Council of Sunnyvale, 129 Cal.App.2d 264, 277 P.2d 104.

■ Here, the town council was advised through its attorney that there was in his possession a petition signed in accordance with the directions of the statute. The attorney was engaged specially by the Town

of Benson to obtain the proper signatures in writing. Having done so, as the agent of the town, he had received into his possession a proper petition. It is the purest technicality to further require that such petition be exhibited immediately prior to or concurrently with the adoption of the ordinance by the town council.

 We note that there is a distinction between the words "presentation" and "filing". The word "filing" has the significance of being received by a particular officer appointed by law. Gage v. Jordan, 23 Cal.2d 794, 147 P.2d 387. The statute A.R.S. § 9–471, subd. A does not require that the petition be filed with the town council. It merely requires a presentation to the governing body. In the present lawsuit we think a sufficient delivery and exhibition to the governing body was accomplished when the completed petition was in the possession of the agent specifically authorized by the governing body to receive it.

 Appellant complains that the Town of Benson erroneously established the value of the real and personal property of the area to be annexed and that this error was perpetuated in the trial court. A.R.S. § 9–471 provides that a city or town may extend its corporate limits on presentation of a petition, in writing, signed by the owners of not less than one-half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation as shown by the last assessment of the property. It further provides:

"C. For the purpose of determining the sufficiency of the percentage of the value of property under this section, such values of property shall be determined as follows:

"1. In the case of property assessed by the county assessor, values shall be the same as shown by the last assessment of the property.

"2. In the case of property assessed by the state tax commission, values shall be appraised and assessed by the state tax commission in the manner provided by law for municipal assessment purposes.

"D. The county assessor and the state tax commission, respectively, shall furnish to the city or town within thirty days after a request therefor, a statement in writing showing the appraisement and assessment of all such property."

Appellant attempted, at the trial of this cause, to impeach the evaluations of the Mountain States Telephone and Telegraph Company and of the El Paso Natural Gas Company fixed prior to the annexation upon a request by the Town of Benson pursuant to A.R.S. 9–471, subd. D. Six months after the annexation a further inquiry as to the valuation of the Mountain States Telephone and Telegraph Company's property was

**110**

made by the state tax commission indicating a significant change. The trial court was of the opinion that such evidence was not admissible as a matter of public policy.

It is appellant's argument that the foregoing statutes are not conclusive and that consequently evidence may be introduced to rebut the fact that the county assessor and the tax commission have properly appraised or assessed the property involved. However, we think the valuations made pursuant to the statute must be considered conclusive at the time of the annexation proceedings. To permit impeachment would create an intolerable situation. Claimed errors in methods of valuation cannot be tested in an action such as this, otherwise all certainty in annexation proceedings would vanish.

In the light of our views expressed herein, we do not find it necessary to consider appellant's assignments of errors three and four raising a question as to the conclusiveness of appellant's response to appellee's requests for admissions. Accordingly, it is ordered that the former decision in this cause be vacated and that the judgment of the court below be affirmed.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS, J., concurring.

LOCKWOOD, J., dissents.