**TOWN OF SPENCER v. TOWN OF EAST SPENCER**

[129 N.C. App. 751 (1998)]

TOWN OF SPENCER, Plaintiff-appellee v. TOWN OF EAST SPENCER, MAYOR RONNIE ROLLINGS, NAOMIE COWAN, THOMAS MITCHELL, JOHN G. NOBLE, III, JOHN R. RUSTIN, SR., CHRIS SHARPE and DAVID R. WRAY, ALDERMEN, and DIANA WILLIAMS COTTON, INTERIM TOWN ADMINISTRATOR, Defendants-appellants

No. COA97-904

(Filed 16 June 1998)

**1. Municipal Corporations § 45 (NCI4th)— annexation resolution of intent—not justiciable under Declaratory Judgment Act**

A declaratory judgment action may not be brought to void a resolution of intent prior to the enactment of the underlying annexation ordinance. The Declaratory Judgment Act may be used in certain contexts to construe municipal resolutions, but the resolution of intent passed by the Town of East Spencer in this case was not the equivalent of an ordinance because the annexation statutes provide for later action to yield the final enacted ordinance.

**2. Municipal Corporations § 128 (NCI4th)— annexation—resolution of intent—declaratory judgment—relief improper**

The trial court erred by granting a declaratory judgment for the Town of Spencer to void a resolution of intent to annex by the Town of East Spencer. Under no circumstances does N.C.G.S. § 160A-38 allow a trial court to void an enacted ordinance for failure to comply with N.C.G.S. § 160A-36 without first allowing the municipality an opportunity to amend the ordinance; such an invalidation is effectively what Spencer achieved in this case.

Appeal by defendants from order entered 19 May 1997 by Judge William H. Helms in Rowan County Superior Court. Heard in the Court of Appeals 18 March 1998.

*Ferguson and Scarbrough, P.A., by James E. Scarbrough, for defendants-appellants.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Anthony Fox, for plaintiff-appellee.*

WYNN, Judge.

In *City of Raleigh v. R. R. Co.*, 275 N.C. 454, 464, 168 S.E.2d 389, 396 (1969), our Supreme Court held that construction of a proposed

but not yet enacted ordinance presents no justiciable controversy under the Declaratory Judgment Act. In this case, the Town of Spencer sought a Declaratory Judgment to declare void the Town of East Spencer's Resolution of Intent to annex property that partially lay within the borders of Spencer. Because the relevant annexation statutes, N.C. Gen. Stat. §§ 160A-33 to -42 (1994), contextually use *Resolution of Intent* as the equivalent of a *proposed ordinance*, we hold that a municipal Resolution of Intent to annex land is not a justiciable controversy under the Declaratory Judgment Act.

Part 2 of Article 4A of Chapter 160A of the General Statutes authorizes towns with populations under five thousand, such as Spencer and East Spencer, to annex land. Of pertinence to this action, N.C. Gen. Stat. § 160A-36(b)(3), provides that "[n]o part of the area [to be annexed] shall be included within the boundary of another incorporated municipality."

Spencer brought this action in October 1996 against East Spencer and various town officials alleging that East Spencer adopted a Resolution of Intent to annex land that lay in part within the municipal boundaries of Spencer. About two weeks before filing its action, Spencer adopted a Resolution of Intent to annex a portion of the area included in East Spencer's original resolution. Spencer sought, and ultimately obtained from the trial court, a declaration that the resolution adopted by East Spencer was "invalid and void" and that the Spencer resolution was valid and had priority. East Spencer appeals.

I.

[1] The deciding question is whether the validity of a Resolution of Intent to annex land is a justiciable issue under North Carolina's Declaratory Judgment Act. We answer: No.

Our Declaratory Judgment Act provides in pertinent part that: "Any person . . . whose rights, status or other legal relations are affected by a statute, *municipal ordinance*, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (1996) (emphasis added).

In *City of Raleigh v. R. R. Co.*, our Supreme Court held that there is no justiciable controversy under the Declaratory Judgment Act for construction of a proposed but not yet enacted ordinance. 275 N.C. at

**TOWN OF SPENCER v. TOWN OF EAST SPENCER**

[129 N.C. App. 751 (1998)]

464, 168 S.E.2d at 396; *see also id.* at 463, 168 S.E.2d at 395 (*"[I]t is well settled that the court will not entertain a declaratory action with respect to the effect and validity of a statute in advance of its enactment."*) (quoting 2 Walter Anderson, *Actions for Declaratory Judgments* § 621, at 1415 (2d ed. 1951)) (emphasis in original). A more recent opinion of our Supreme Court indicates that an enactment is justiciable under the Declaratory Judgment Act where it has been "enacted or adopted," even though it had not yet gone into effect, where there is a "practical certainty" that litigation will occur. *Charlotte-Mecklenburg Hospital Auth. v. N.C. Industrial Comm.*, 336 N.C. 200, 211-14, 443 S.E.2d 716, 723-25 (1994).

In this case, Spencer challenged the resolution that East Spencer passed to satisfy the "Notice of Intent" requirements of N.C. Gen. Stat. § 160A-49(a). At the time of Spencer's action, East Spencer had not yet enacted the annexation ordinance contemplated by N.C. Gen. Stat. § 160A-49(e). Thus, the Resolution of Intent passed by East Spencer was the equivalent of a *proposed* ordinance because the annexation statutes provide for later action to yield the final *enacted* ordinance.

The general understanding appears to be that a municipal resolution is not the equivalent of an ordinance. A leading treatise on municipal law summarizes this understanding by stating that:

> A "resolution" is not an "ordinance," and there is a distinction between the two terms as they are commonly used in charters. A resolution ordinarily denotes something less solemn or formal than, or not rising to the dignity of, an ordinance. The term "ordinance" means something more than a mere verbal motion or resolution . . . .
>
> . . . [A] resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government, to continue in force until the ordinance is repealed.

Beth A. Buday and Victoria A. Braucher, 5 *McQuillian, The Law of Municipal Corporations* § 15.02 (3rd Ed. 1996) (footnotes omitted).

Although the General Statutes do not explicitly define or distinguish the terms resolution and ordinance, the distinction between the two terms is evident in various contexts throughout the codified statutes. Numerous times the statutes explicitly state that municipal action may be by resolution or by ordinance; in other cases they

specifically authorize the use of a resolution by a municipality. *See,* *e.g,* N.C. Gen. Stat. §§ 14-288.13(c) (1993) ("No ordinance enacted by a county under [this] section shall apply within the corporate limits of any municipality, or within any area of the county over which the municipality has jurisdiction to enact general police-power ordinances, unless the municipality by resolution consents to its application"); 14-288.14(a) (1993) (similar); 14-409.40(b) (Supp. 1997) (prohibiting municipality from regulating firearms by "ordinance, resolution, or other enactment," except as permitted by statute); 63-53(2) (1985) (authorizing municipality to "adopt and amend all needful rules, regulations, and ordinances"); 136-140.8 (1993) (recognizing ordinances and resolutions as two distinct items that a municipality could send the North Carolina Department of Transportation); 157-44 (1987) (specifically authorizing action permitted under article to be effectuated by municipal resolution).

The Declaratory Judgment Act omits the term "resolution" and instead only uses the word "ordinance" in describing justiciable actions. *See* N.C. Gen. Stat. § 1-254 (1996). This usage contrasts with the statutes cited *supra* where reference is made to both ordinances and resolutions.

It does appear, however, that in certain contexts the Declaratory Judgment Act may be used to construe municipal resolutions. N.C. Gen. Stat. § 1-256 provides that "[t]he enumeration in G.S. 1-254 and 1-255 does not limit or restrict the exercise of the general powers conferred in G.S. 1-253 in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." Our Supreme Court interprets this provision as "enlarg[ing] the specific categories mentioned elsewhere in the statute." *Tryon v. Power Co.,* 222 N.C. 200, 204-05, 22 S.E.2d 450, 453 (1942). Moreover, cases of this Court have recognized that municipal resolutions are an appropriate subject for construction under the Declaratory Judgment Act under certain circumstances. *See Cutting v. Foxfire Village,* 75 N.C. App. 161, 330 S.E.2d 210, *disc. review denied,* 314 N.C. 664, 335 S.E.2d 499 (1985) (declaratory judgment action concerning municipality's resolutions to assess property owners for construction of a proposed municipal water system), *Watauga County Bd. of Education v. Town of Boone,* 106 N.C. App. 270, 416 S.E.2d 411 (1992) (declaratory judgment action concerning municipal resolution to allocate percentage of profits from ABC store).

We do not, however, find these cases to be dispositive on the point before us. There seems to be no fixed definition of a resolution;

as the passage from *McQuillian* indicates, this word's amorphous denotation can connote a wide range of meaning—from enactments that constitute municipal action to proposals for further consideration of whether municipal action should occur. The former is justiciable under the declaratory judgment act; the latter is not. *See City of Raleigh v. R. R. Co.*, 275 N.C. 454, 464, 168 S.E.2d 389, 396 (1969). Thus, in deciding whether a municipal resolution may be construed under the Declaratory Judgment Act, it is necessary to consider it in the context in which it is enacted. In *Foxfire Village*, passage of the resolutions resulted in tax assessments on property owners. 75 N.C. App. at 161, 330 S.E.2d at 211. In *Watauga*, the resolution passed by the town council ceased sharing of revenue from the town ABC store with the county board of education. 106 N.C. App. at 270-72, 416 S.E.2d at 412. Examination of the enactment of the resolution in the instant case, however, reveals a significantly different context—it came at a preparatory point rather than the penultimate phase—and does not manifest municipal action, but instead is preparation towards future municipal action.

Under the annexation laws, the term resolution has a discrete identity separate from that of an ordinance. The statutes' plain language reflects a significant dichotomy of usage. *Compare* N.C. Gen. Stat. § 160A-37(a) (1994) (legislating that for an early step in annexation process a municipality has to pass a resolution) *with* N.C. Gen. Stat. § 160A-49(e) (1994) (describing the final step in municipality's annexation process as enactment of an ordinance).

Furthermore, the distinct usage of the terms within the annexation laws also leads us to believe that a resolution of intent is more in the nature of a proposed ordinance. A resolution is used by a municipality as an early step looking to enactment of the annexation ordinance. *See* N.C. Gen. Stat. § 160A-37(a) (1994); *see also Asheville Industries, Inc. v. City of Asheville*, 112 N.C. App. 713, 716-17, 436 S.E.2d 873, 875-76 (1993) (recognizing that a resolution of intent marks the beginning of the annexation process). In contrast to the contextual usage of resolution, which describes a preliminary step leading to the ultimate goal of annexing territory, the term ordinance is used to describe the final act of annexation—the annexation ordinance. *See* N.C. Gen. Stat. § 160A-37(e),(f) (1994), "Passage of the Annexation Ordinance" and "Effect of Annexation Ordinance." Furthermore, N.C. Gen. Stat. § 160A-38, "Appeal," likewise uses the word "ordinance" but not "resolution."

A further indicator of a resolution's status is reflected in this Court's holding that a resolution of intent does not have to be in writing and does not have to explicitly describe the area being annexed. *Kritzer v. Town of Southern Pines*, 33 N.C. App. 152, 155, 234 S.E.2d 648, 650 (1977).

We also note that our Supreme Court has stated that "[i]t is not necessary for one party to have an actual right of action against another for an actual controversy to exist which would support declaratory relief. However, it is necessary that the Courts be convinced that the litigation appears to be unavoidable." *Consumers Power v. Power Co.*, 285 N.C. 434, 450, 206 S.E.2d 178, 189 (1974). It is particularly evident that such is not the case here, as a town is not required to annex all of the land described. *See* N.C. Gen. Stat. § 160A-37(e) (stating that at in passing the annexation ordinance the municipality has authority to annex either all or part of land described in notice of public hearing, a step which occurs subsequent to a resolution of intent and which did not occur in this case).

As the resolution is but a step on the path to the enactment of what the General Statutes specifically designate as an ordinance, we conclude that a resolution of intent is not the equivalent of an ordinance for purposes of justiciability under the Declaratory Judgment Act. Instead, it is in the nature of a proposed ordinance, and as a result cannot be challenged under the declaratory judgment act under the rule of *City of Raleigh v. R. R. Co.*, 275 N.C. 454, 464, 168 S.E.2d 389, 396 (1969).

Spencer argues that our Supreme Court implicitly recognized in *Town of Hazelwood v. Town of Waynesville*, 320 N.C. 89, 357 S.E.2d 686, *reh'g denied*, 320 N.C. 639, 360 S.E.2d 106 (1987) that declaratory judgment actions may be brought before enactment of an annexation ordinance to contest municipal resolutions. However, our review of that case does not reveal any discussion of the nature of the action that was brought there. Furthermore, although the challenge was brought prior to the defendant municipality's enactment of the ordinance, the ordinance was subsequently enacted. *See id.* at 92, 357 S.E.2d at 688. No such enactment was made in this case. Most significantly, no mention of the justiciability issue was made in that case.

We also note that our decision furthers the legislative goal of avoiding unnecessary procedural delays in annexation procedings by limiting the scope of judicial review. *In re Durham Annexation*

*Ordinance,* 66 N.C. App. 472, 311 S.E.2d 898, *disc. review denied,* 310 N.C. 744, 315 S.E.2d 701 (1984).

Accordingly, we hold that a declaratory judgment action may not be brought to void a resolution of intent prior to the enactment of the underlying annexation ordinance.

## II.

**[2]** We next consider whether the resolution of intent was void because its description of the proposed annexation included land that was part of another incorporated municipality. We hold that it was not.

Section 160A-38, "Appeal," provides that an action challenging whether annexed territory lies within another municipality may be commenced within 30 days after passage of an annexation ordinance. Subsection(g)(1) of the Act provides that the Court may affirm the action or it may:

(1) Remand the ordinance to the municipal governing board for further proceedings if procedural irregularities are found to have materially prejudiced the substantive rights of any of the petitioners.

(2) Remand the ordinance to the municipal governing board for amendment of the boundaries to conform to the provisions of G.S. 160A-36 if it finds that the provisions of G.S. 160A-36 have not been met; provided, that the court cannot remand the ordinance to the municipal governing board with directions to add area to the municipality which was not included in the notice of public hearing and not provided for in plans for service.

(3) Remand the report to the municipal governing board for amendment of the plans for providing services to the end that the provisions of G.S. 160A-35 are satisfied.

If any municipality shall fail to take action in accordance with the court's instructions upon remand within three months from receipt of such instructions, the annexation proceeding shall be deemed null and void.

N.C. Gen. Stat. § 160A-38 (1994). Significantly, *under no circumstances* does the statute allow a trial court to void an enacted ordi-

TOWN OF SPENCER v. TOWN OF EAST SPENCER

[129 N.C. App. 751 (1998)]

nance for failure to comply with N.C. Gen. Stat. § 160A-36 without first allowing the municipality an opportunity to amend the ordinance. Such an invalidation is, however, effectively what Spencer achieved in this case by their "preemptive strike" to have East Spencer's resolution declared void. Such a result is both contrary to the law and inequitable, and must not be allowed.

The case of *City of Kannapolis v. City of Concord*, 326 N.C. 512, 391 S.E.2d 493, *reh'g denied*, 327 N.C. 146, 394 S.E.2d 169 (1990), does not compel a different result. There, the resolution of intent was void as it was an attempt to annex noncontiguous land. As East Spencer points out, there was no correctable mistake in that case, as the municipality had no right to annex any part of the area described. Here, however, assuming *arguendo* that the resolution was defective, it did not taint the entirety of the described area. We also point out that the suit in that case was brought *after* the enactment of the annexation ordinance.

In sum, Spencer was not entitled to the relief for which it asked and the trial court erred by granting it.

### III.

Finally, we note that we express no opinion on whether Spencer had standing to bring suit. *See Town of Seven Devils v. Village of Sugar Mountain*, 125 N.C. App. 692, 482 S.E.2d 39, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). We have assumed *arguendo* that it did.

Given our disposition above, we do not need to consider the remaining issues raised by the parties.

Reversed and remanded for entry of order of dismissal of Spencer's action.

Judges JOHN and McGEE concur.