TOWN OF SPENCER v. TOWN OF EAST SPENCER, MAYOR RONNIE ROLLINGS, NAOMIE COWAN, THOMAS MITCHELL, JOHN G. NOBLE, III, JOHN R. RUSTIN, SR., CHRIS SHARPE AND DAVID R. WRAY, ALDERMEN, AND DIANA WILLIAMS COTTON, INTERIM TOWN ADMINISTRATOR

No. 285PA98

(Filed 3 December 1999)

**1. Declaratory Judgments— annexation intent—competing resolutions—prior jurisdiction—justiciable controversy**

The determination of prior jurisdiction raised by competing resolutions of intent to annex territory is a justiciable controversy under the Declaratory Judgment Act.

**2. Cities and Towns— annexation—resolution of intent— area in another municipality—jurisdictional priority**

The elements of N.C.G.S. § 160A-36(b) are applicable to resolutions of intent to annex and are essential elements in the involuntary annexation process so that nonadherence to those elements precludes a finding of substantial compliance with annexation statutes. Therefore, the inclusion of territory already within the boundaries of another municipality in a resolution of intent to annex territory results in the loss of annexation jurisdictional priority to an intervening and competing valid resolution of intent.

Chief Justice FRYE dissenting.

Justice FREEMAN did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 129 N.C. App. 751, 501 S.E.2d 367 (1998), reversing an order granting plaintiff's motion for summary judgment entered by Helms, J., on 19 May 1997 in Superior Court, Rowan County, and remanding for entry of an order of dismissal of plaintiff's action. Heard in the Supreme Court 12 January 1999.

*Parker, Poe, Adams & Bernstein, L.L.P., by Anthony Fox and Jason J. Kaus, for plaintiff-appellant.*

*Ferguson and Scarbrough, P.A., by James E. Scarbrough, for defendant-appellees.*

**TOWN OF SPENCER v. TOWN OF EAST SPENCER**

[351 N.C. 124 (1999)]

LAKE, Justice.

The issues raised here on review require the interpretation of the North Carolina statutes and case law governing involuntary annexation of unincorporated areas by municipalities. Specifically, the issues are whether the question of priority between two competing municipalities is a "justiciable controversy" under the Declaratory Judgment Act and whether the inclusion of territory within the boundaries of another municipality in a resolution of intent to annex territory results in the loss of annexation jurisdictional priority.

Spencer and East Spencer are neighboring municipalities located in Rowan County, North Carolina. On 22 July 1996, East Spencer adopted a resolution of intent ("East Spencer resolution") declaring East Spencer's intent to annex an additional 133 acres of Rowan County. On 9 September 1996, East Spencer adopted an annexation services plan which slightly modified the description of the area to be annexed, but retained most of the territory described in the original East Spencer resolution. The resolution and the services plan included approximately two acres of territory already within the municipal boundaries of Spencer. On 8 October 1996, Spencer adopted its own resolution of intent ("Spencer resolution") to annex approximately eighty-seven acres of territory in Rowan County, a portion of which overlapped with the area described in the East Spencer resolution.

On 23 October 1996, Spencer filed a complaint in superior court seeking a declaratory judgment that Spencer had prior jurisdiction to annex the territory which both Spencer and East Spencer sought to annex. On 19 May 1997, Spencer's motion for summary judgment was granted based on the contention that the East Spencer resolution violated N.C.G.S. § 160A-36(b)(3) by attempting to annex territory within Spencer's municipal boundaries, and therefore, Spencer had adopted the first valid resolution. East Spencer appealed to the Court of Appeals, which reversed the trial court and held there was not a justiciable controversy under the Declaratory Judgment Act and, therefore, the trial court lacked jurisdiction. The Court of Appeals went on to address the merits of the case and held the East Spencer resolution was not void and could be amended without loss of priority as to the Spencer resolution.

For the reasons stated below, we reverse the Court of Appeals and hold that the determination of prior jurisdiction raised by competing resolutions of intent is a justiciable controversy under the

Declaratory Judgment Act. Additionally, we hold that a resolution of intent to annex territory which includes any territory already within the boundaries of another municipality is void and will lose priority to an intervening and competing valid resolution of intent.

I.

Part 2, article 4A of chapter 160A of the North Carolina General Statutes governs involuntary annexation by cities which have populations of less than five thousand, such as Spencer and East Spencer. The detailed nature of the annexation scheme in part 2 "manifests the legislature's intent to require towns and cities to consider carefully the consequences of involuntary annexation of a particular territory." *Town of Hazelwood v. Town of Waynesville*, 320 N.C. 89, 93, 357 S.E.2d 686, 689 (1987).

An involuntary annexation proceeding is initiated by the adoption of a "resolution of intent" pursuant to section 160A-37. In order to provide ample time for public review and challenge of an annexation proposal, the effective date of the annexation is required to be at least one year from the date of public notice of the area identified for annexation. N.C.G.S. § 160A-37(i), (j) (1998).

[1] In the case *sub judice*, the Court of Appeals' opinion provides a detailed analysis of the difference between a "resolution" and an "ordinance" and the appropriateness of the application of the Declaratory Judgment Act (the Act) to each. Although the opinion is very well reasoned, it overlooks precedent established by this Court that the enactment of a resolution of intent establishes a municipality's "prior jurisdiction" in annexation proceedings involving contested territory with regard to another municipality. *See Town of Hazelwood*, 320 N.C. at 93, 357 S.E.2d at 688. Therefore, a dispute between two municipalities having competing resolutions of intent is, in essence, a dispute over jurisdictional priority, and the Court of Appeals erred in holding this was not a "justiciable controversy" under the Act.

The purpose of the Act is " 'to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations.' " *Nationwide Mut. Ins. Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 657 (1964) (quoting *Walker v. Phelps*, 202 N.C. 344, 349, 162 S.E. 727, 729 (1932)). "Any person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of con-

**TOWN OF SPENCER v. TOWN OF EAST SPENCER**

[351 N.C. 124 (1999)]

struction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." N.C.G.S. § 1-254 (1996). However, "[t]he enumeration in G.S. 1-254 . . . does not limit or restrict the exercise of the general powers conferred [to courts] in G.S. 1-253 in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." N.C.G.S. § 1-256 (1996). This Court has interpreted section 1-256 as "enlarg[ing] the specific categories mentioned elsewhere in the statute," *Town of Tryon v. Duke Power Co.*, 222 N.C. 200, 205, 22 S.E.2d 450, 453 (1942), and the legislature has stated its intent that the Act be liberally construed and administered, N.C.G.S. § 1-264 (1996).

For a court to have jurisdiction under the Act, it is required only " 'that the plaintiff shall allege in his complaint and show at the trial, that a real controversy, arising out of . . . opposing contentions as to . . . respective legal rights and liabilities . . . exists between or among the parties, and that the relief prayed for will make certain that which is uncertain and secure that which is insecure.' " *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 449, 206 S.E.2d 178, 188 (1974) (quoting *Carolina Power & Light Co. v. Iseley*, 203 N.C. 811, 820, 167 S.E. 56, 61 (1933)). A justiciable controversy exists when litigation to resolve the controversy appears to be unavoidable. *Ferrell v. Department of Transp.*, 334 N.C. 650, 656, 435 S.E.2d 309, 313 (1993).

In its analysis of the controversy between Spencer and East Spencer, the Court of Appeals likened an annexation resolution of intent to a "proposed" but not yet enacted ordinance. *Town of Spencer v. Town of East Spencer*, 129 N.C. App. 751, 756, 501 S.E.2d 367, 371 (1998). Relying on this Court's holding in *City of Raleigh v. Norfolk S. Ry. Co.*, 275 N.C. 454, 464, 168 S.E.2d 389, 396 (1969), that a proposed ordinance does not present a justiciable controversy under the Act, the Court of Appeals held a resolution of intent also does not present a justiciable controversy. *Town of Spencer*, 129 N.C. App. at 756, 501 S.E.2d at 371. This analysis, however, ignores precedent established by this Court that annexation resolutions of intent are not so ephemeral as a proposed ordinance, since they have substantive legal effect by conclusively determining prior jurisdiction. *See Town of Hazelwood*, 320 N.C. at 93, 357 S.E.2d at 688; *City of Burlington v. Town of Elon College*, 310 N.C. 723, 728, 314 S.E.2d 534, 537 (1984). Precedential cases such as these have established

that the prior jurisdiction to annex territory is determined as of the date of the adoption of a valid resolution of intent. In the case of municipalities with competing resolutions of intent, postponement of the determination of the priority of jurisdictional interests until the completion of the annexation process would result in wasted municipal expense and manpower expended in futile efforts to annex unavailable territory and would delay inevitable litigation regarding a substantial right. This result contravenes the purpose of the Act to expeditiously settle a case and afford relief from uncertainty where litigation appears to be unavoidable.

East Spencer contends that even if disputes between competing resolutions of intent present a justiciable controversy, there was no risk of litigation in this case, as required by the Act. It is an undisputed fact that the East Spencer resolution contained a two-acre tract of land which was within Spencer's municipal boundaries. East Spencer contends the inclusion of the two-acre tract was inadvertent and, had the trial court not entered an injunction, East Spencer would have corrected the resolution. Although the lack of dispute over the ownership of the two acres simplifies analysis of the issue, East Spencer's contention fails to recognize that the justiciable issue in this case is not whether the inclusion of the two acres was inadvertent or whether the resolution would be corrected, but whether East Spencer's jurisdictional priority was impacted by the inclusion of those two acres in its initial resolution of intent. As to this issue, we reverse the Court of Appeals and hold the validity of a resolution of intent to annex land for the purposes of determining prior jurisdiction is a justiciable issue under the Act.

## II.

[2] The second issue raised on appeal is one of first impression and questions whether the inclusion of territory already within the boundaries of another municipality in a resolution of intent to annex territory results in the loss of annexation jurisdictional priority to an intervening and competing valid resolution of intent. This question requires interpretation of the statutory requirements of article 4A of chapter 160A, Extension of Corporation Limits, ("the article") and the application of the "prior jurisdiction" rule.

"[T]he prior jurisdiction rule is the majority rule and is applied 'universally' in 'conflicts between two municipalities attempting to assert jurisdiction over the same territory.'" *City of Burlington*, 310 N.C. at 727, 314 S.E.2d at 537 (quoting with approval Comment,

*Municipal Corporations: Prior Jurisdiction Rule,* 7 Wake Forest L. Rev. 77, 79 (1970)). The rule operates on a "first in time, first in right" principle and provides that among equivalent proceedings relating to the same subject matter, the " 'one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted.' " *Id.* (quoting 2 Eugene McQuillin, *Municipal Corporations* § 7.22a (3d ed. 1966) [hereinafter "2 McQuillin"]). The rule applies, generally speaking, to and among proceedings for the municipal incorporation or annexation of a particular territory. *Id.* Under the rule, annexation proceedings begin when a municipality takes " 'the first mandatory public procedural step in the statutory process' " of annexation; the passing of a resolution of intent has been determined to be that first step. *Id.* at 728, 314 S.E.2d at 537 (quoting 2 McQuillin § 7.22a). Additionally, subsequent attempts to annex territory under the prior jurisdiction of another municipality are null and void. *Id.*

This Court has also held that in addition to being first in time, a *valid* resolution which is in compliance with the article is a condition precedent to establishing priority in jurisdiction and a right to annex territory. *See City of Kannapolis v. City of Concord,* 326 N.C. 512, 391 S.E.2d 493 (1990). Although " '[a]bsolute and literal compliance with a statute enacted describing the conditions of annexation is unnecessary; substantial compliance . . . is required.' " *In re City of New Bern,* 278 N.C. 641, 648, 180 S.E.2d 851, 856 (1971) (quoting with approval *State ex rel. Helm v. Town of Benson,* 95 Ariz. 107, 108, 387 P.2d 807, 808 (1963)). "Substantial compliance means compliance with the essential requirements of the Act." *Huntley v. Potter,* 255 N.C. 619, 627, 122 S.E.2d 681, 686 (1961).

As previously noted, it is an undisputed fact in the case *sub judice* that East Spencer's resolution included two acres of territory which were already within Spencer's municipal boundaries. The question is whether the inclusion of that territory, albeit unintentional, precludes a finding of "substantial compliance" with the essential requirements of the statutes, thereby voiding East Spencer's resolution and giving Spencer jurisdictional priority.

The determination of whether there is substantial compliance requires a two-part analysis. First, the court must determine if there is a statutory requirement that the description of territory to be annexed in a resolution of intent does not include territory within another municipality. Second, if there is such a requirement, the court must determine if that requirement is an "essential element" of

annexation, the nonadherence of which precludes a finding of "substantial compliance."

The procedure for involuntary annexation of territory by cities with populations less than 5,000 is contained in part 2 of the article, with the statutory requirements for a resolution of intent outlined in section 160A-37. That section provides in pertinent part:

> (a) Notice of Intent.—Any municipal governing board desiring to annex territory under the provisions of this Part shall first pass a resolution stating the intent of the municipality to consider annexation. Such resolution shall describe the boundaries of the area under consideration and fix a date for a public hearing on the question of annexation, the date for such public hearing to be not less than 45 days and not more than 90 days following passage of the resolution.

N.C.G.S. § 160A-37(a) (1994) (amended 1998).

The statutory requirement that a municipality's resolution "shall describe the boundaries of the area under consideration" does not specify the level of detail required in the boundary description. However, continued reading of the statutory requirements for public notice of a municipality's intent to annex territory lends some guidance on the specificity intended by the legislature. The notice requirements provide:

> (b) Notice of Public Hearing.—The notice of public hearing shall:
>
> (1) Fix the date, hour and place of the public hearing.
>
> (2) Describe clearly the boundaries of the area under consideration, and include a legible map of the area.
>
> (3) State that the report required in G.S. 160A-35 will be available at the office of the municipal clerk at least 30 days prior to the date of the public hearing.
>
> . . . In addition, notice shall be mailed at least four weeks prior to date of the hearing by first class mail, postage prepaid to the owners as shown by the tax records of the county of all freehold interests in real property located within the area to be annexed.

N.C.G.S. § 160A-37(b).

Based on the above, notice "clearly" describing the boundaries of the area under consideration has to be mailed to the owners of freehold interests in the real property located within the area to be annexed at least thirty days before the date of the public hearing. Therefore, taking into consideration that section 160A-37(a) requires the public hearing be held between forty-five and ninety days after passage of the resolution, the "clear" boundary information has to be available not less than fifteen days and not more than sixty days after passage of a resolution of intent.

Further review of the statutory annexation requirements provides clarification of what constitutes a "clear" description of boundaries. "At least 30 days before the date of the public hearing, the governing board shall approve the report provided for in G.S. 160A-35, and shall make it available to the public at the office of the municipal clerk." N.C.G.S. § 160A-37(c). Therefore, if the governing board must approve "the report" provided for in section 160A-35 at least thirty days before the date of the public hearing, the board must review, approve and make the report available to the public sometime between fifteen and sixty days after the passage of the resolution of intent. Looking to the "prerequisites of annexation" and report requirements outlined in section 160A-35, in addition to a map or maps of the municipality and adjacent territory to show the present and proposed boundaries of the municipality, the report "shall include" a statement "that the area to be annexed meets the requirements of G.S. 160A-36." N.C.G.S. § 160A-35(2) (1998).

Proceeding yet further to section 160A-36, one finds the requirements for determining the "character" and suitability of the area to be annexed. It provides in pertinent part that:

(b) The total area to be annexed *must* meet the following standards:

(1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun . . . .

(2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary.

(3) No part of the area shall be included within the boundary of another incorporated municipality.

N.C.G.S. § 160A-36(b) (1998) (emphasis added). Thus, incorporating the previously cited sequence of statutory requirements, within fifteen to sixty days of the passage of a resolution of intent, the governing board of a municipality must make a statement, in its report to its citizens and those freeholders it proposes to involuntarily annex, that at least one eighth of the external boundaries of the property being annexed is contiguous to the annexing municipality and that no part of the area is included within the boundary of another incorporated municipality. Since these boundary requirements are a mandatory prerequisite to annexation, and are specifically required to be met shortly after the passage of a resolution of intent, it would at least seem incongruous not to apply these same standards to the description of "the boundaries of the area" required as part of the resolution of intent itself in section 160A-37(a).

As additional support for this conclusion, we note the contiguity requirement of section 160A-36(b) provides that the territory must be contiguous "at the time the annexation proceeding is begun." N.C.G.S. § 160A-36(b)(1). Precedent has established that the first procedural step in the annexation process is the passing of a resolution of intent. *City of Burlington*, 310 N.C. at 728, 314 S.E.2d at 537 (quoting 2 McQuillin § 7.22a). The three legislative standards outlined in section 160A-36(b) each relate to the territorial boundaries of the land to be included in an annexation, and each applies to the total area to be annexed. Further, each of these standards require, or dictate by their terms, a preciseness of location, description, distance and measurement with respect to the exterior boundaries of the annexation area. Thus, based on the relationship of these standards, we hold that the requirements that the territory be contiguous, that at least one eighth of the aggregate external boundaries of the area coincide with the municipal boundary and that no part of the area be included within the boundary of another incorporated municipality are all applicable "at the time the annexation proceeding is begun" with a resolution of intent to annex territory.

The question which follows from our determination that the elements of section 160A-36(b) are applicable to resolutions of intent is whether these elements are "essential elements," nonadherence of which would preclude a finding of "substantial compliance" and result in a loss of jurisdictional priority to an intervening competing municipality. This Court has previously held that "contiguity is an essential precondition to the involuntary annexation of outlying territories by cities." *Hawks v. Town of Valdese*, 299 N.C. 1, 5, 261 S.E.2d

90, 93 (1980). Additionally, in *City of Kannapolis*, this Court held contiguity at the time of the adoption of a resolution of intent was *"without question"* an essential requirement of annexation by petition and failure to meet that requirement precluded a showing of substantial compliance with annexation provisions and compelled the holding that the resolution of intent was void. *City of Kannapolis*, 326 N.C. at 517, 391 S.E.2d at 496 (emphasis added). *City of Kannapolis* also considered whether the failure to specify the actual effective date of an annexation in a resolution of intent, as required by section 160A-49(j), precluded substantial compliance. This Court held it was not the specification of the effective date of the annexation that provided a municipality and property owners with a year to reflect on the annexation as required by the statute, but the one-year period itself which was mandated. *Id.* at 518, 391 S.E.2d at 497. Given that the statutory requirement for a one-year period of advance notice had been provided for, and therefore the intent of the statute was met, this Court held the failure to specifically include the actual effective date in the resolution was not an omission of an essential requirement of the statute but was a "slight irregularity." *Id.* at 519, 391 S.E.2d at 497.

Although *City of Kannapolis* is an annexation by petition case, and not an involuntary annexation case, the process for involuntary annexation "is considerably more protracted and deliberate than annexation by petition." *Town of Hazelwood*, 320 N.C. at 90, 357 S.E.2d at 687. In *Hazelwood*, this Court stressed the importance the legislature placed upon municipal planning in involuntary annexation proceedings when it stated that

the resolution of intent . . . must be accompanied by a detailed report that is the product of deliberate planning. *This annexation scheme manifests the legislature's intent to require towns and cities to consider carefully the consequences of involuntary annexation* of a particular territory, and it indicates the legislature's desire to enable residents of the area under consideration to anticipate and adjust to the proposed annexation. If jurisdiction is asserted by a possibly precipitous resolution of consideration that, by doing little more than laying claim to general areas for possible annexation, precludes annexation of territory within these areas by other municipalities, these aims may be frustrated.

*Id.* at 93-94, 357 S.E.2d at 689 (emphasis added). In light of the clear legislative intent, as detailed by the statutes and interpreted by this

Court, that involuntary annexation is required to be more detailed and deliberate than that of a voluntary annexation by petition, to conclude that an element of section 160A-36(b) is an "essential element" in the voluntary petition process but is not essential to the involuntary annexation process would defy logic and be contrary to the spirit and intent of the overall annexation scheme.

In determining whether the inclusion of another municipality's territory in a resolution is a fatal flaw in an involuntary annexation, as opposed to a slight irregularity, we find it convincing that the contiguity requirement, found to be an "essential element" of involuntary annexation, is included in section 160A-36(b) along with the requirement that no part of the annexation area be included in the boundary of another municipality. Notwithstanding this finding, the language of the statute is the strongest evidence of legislative intent. The wording of the statute applicable to our review provides that "*[n]o part of the area shall be included within the boundary of another incorporated municipality*" and is specifically made applicable to "[t]he *total area* to be annexed." N.C.G.S. § 160A-36(b) (emphasis added). The clarity of the legislative mandate that *no* part of another municipality be included leaves little room for interpretation and compels a holding that *any* inclusion of another municipality's territory precludes a finding of substantial compliance and nullifies the resolution of intent.

East Spencer contends that even if its resolution was void, it was easily amended. However, it is important to note that the question before this Court is not whether municipal governing boards have authority to amend resolutions of intent or supporting reports. The legislature has clearly provided opportunity for extensive public review of annexation proposals and for amendment of proposed ordinances through section 160A-37. The relevant question is strictly whether loss of jurisdictional priority results from such an amendment, or the need for such an amendment. As to this question, remedial efforts have been held to be ineffectual with regard to maintaining jurisdictional priority if a valid resolution is passed in the interim giving prior jurisdiction over the disputed territory to the intervening municipality. *See City of Kannapolis*, 326 N.C. 512, 391 S.E.2d 493 (remedial efforts ineffectual as to a valid resolution passed in the interim); *Town of Hudson v. City of Lenoir*, 279 N.C. 156, 181 S.E.2d 443 (1971) (finding an attempt to remedy flaws in its first resolution of intent was ineffectual in establishing priority), *overruled in part on other grounds by City of Burlington*, 310 N.C. 723, 314 S.E.2d 534.

**TOWN OF SPENCER v. TOWN OF EAST SPENCER**

[351 N.C. 124 (1999)]

The Court of Appeals noted that section 160A-38 provides that an action challenging an annexation may be commenced within thirty days after passage of an annexation ordinance and that the court may affirm the action or remand the ordinance for compliance with statutory requirements. *Town of Spencer*, 129 N.C. App. at 757, 501 S.E.2d at 371. The Court of Appeals then concluded that *"under no circumstances* does the statute allow a trial court to void an enacted ordinance for failure to comply with [section 160A-36] without first allowing the municipality an opportunity to amend the ordinance." *Id.* at 757-58, 501 S.E.2d at 371-72. This conclusion, however, was based on several false premises. First, as discussed previously, the court was relying on the incorrect determination that there is not a justiciable controversy under the Act when two municipalities are competing for jurisdiction to annex territory through competing resolutions of intent. Next, the court interpreted section 160A-38 as applying to resolutions of intent, when in actuality the appeal process under that section is applicable *"following* the passage of an annexation ordinance." N.C.G.S. § 160A-38(a) (1998) (emphasis added). Finally, the court did not give consideration to precedent established by this Court that a resolution which is not in substantial compliance with statutory requirements is null and void.

In summary, we hold that the question of prior jurisdiction between two competing resolutions of intent is a justiciable issue under the Declaratory Judgment Act, that the elements of N.C.G.S. § 160A-36(b) are applicable to resolutions of intent, and that those elements are "essential elements" with regard to a "prior jurisdiction" determination. The evidence before the trial court presented "no genuine issue as to any material fact," N.C.G.S. § 1A-1, Rule 56(c) (1990), but presented purely a question of law as to the validity of East Spencer's resolution of intent. For the reasons set forth above, that resolution was invalid, thereby establishing Spencer's 8 October 1996 resolution of intent as the first valid resolution to effect jurisdiction. The trial court thus properly entered summary judgment for plaintiff Spencer, and the Court of Appeals erred in reversing the ruling. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.

Justice FREEMAN did not participate in the consideration or decision of this case.

Chief Justice FRYE dissenting.

The majority holds that the determination of prior jurisdiction raised by competing resolutions of intent is a justiciable controversy under the Declaratory Judgment Act. I agree. The majority also holds that "the elements of N.C.G.S. § 160A-36(b) are applicable to resolutions of intent, and that those elements are 'essential elements' with regard to 'prior jurisdiction' determination." I disagree with this holding. However, assuming *arguendo* that N.C.G.S. § 160A-36(b) applies to resolutions of intent, I would hold that a resolution of intent that inadvertently includes two acres already within the boundaries of another municipality does not preclude a finding of substantial compliance with section 160A-36(b).

In the instant case, the Town of East Spencer passed a resolution stating its intent to consider annexation of 133 acres contiguous to its boundaries. The majority holds that because approximately two acres of the property were within the boundaries of the Town of Spencer, the resolution of intent was not in substantial compliance with the annexation statute and could not give the Town of East Spencer prior jurisdiction as to any of the property sought to be annexed.

In *City of Kannapolis v. City of Concord*, a majority of this Court held that the failure of the City of Kannapolis to specify in its initial resolution of intent that the effective date of the involuntary annexation would be at least one year from the date of passage of the annexation ordinance was an inconsequential irregularity that did not invalidate the annexation, where the correct annexation date was set forth in the annexation ordinance. 326 N.C. 512, 519, 391 S.E.2d 493, 497 (1990). In concluding that the failure to include the effective date in the resolution of intent was an inconsequential irregularity that did not preclude substantial compliance with the annexation statute and materially injure the City of Concord, this Court relied upon the following quote:

> Absolute and literal compliance with a statute enacted describing the conditions of annexation is unnecessary; substantial compliance only is required. . . . The reason is clear. Absolute and literal compliance with the statute would result in defeating the purpose of the statute in situations where no one has been or could be misled.

*In re Annexation Ordinance*, 278 N.C. 641, 648, 180 S.E.2d 851, 856 [(1971)] (quoting *State v. Town of Benson, Cochise County*, 95 Ariz. 107, 108, 387 P.2d 807, 808 (1963)).

*City of Kannapolis*, 326 N.C. at 518, 391 S.E.2d at 497 (alteration in original).

Likewise, the question here is whether the resolution of intent is in substantial compliance with the annexation statute. In *Kannapolis*, the missing effective date was an express requirement of N.C.G.S. § 160A-49(j). Nevertheless, the majority in *Kannapolis* held that the failure to include the effective date in the resolution of intent was not a fatal flaw but could be corrected in the annexation ordinance. Similarly, the inclusion of the extra two acres in the 133-acre tract described in the resolution of intent here was not a fatal flaw. The Town of Spencer could not be materially prejudiced because it was legally impossible for the Town of East Spencer to annex the additional two acres that were already a part of the Town of Spencer. Clearly, the inadvertent error in the description of the property could have been corrected without affecting the validity of the resolution of intent as to the remaining 131-acre tract.

The Town of East Spencer filed a valid resolution of intent in substantial compliance with N.C.G.S. § 160A-36(b) by describing the boundaries of the area under consideration and establishing priority in jurisdiction and a right to annex the disputed territory. Therefore, I respectfully dissent.