CARPENTER v. BREWER HENDLEY OIL CO.

[145 N.C. App. 493 (2001)]

LINDA CARPENTER, DAVID PAUL BROWN, AND MARCELLE H. BROWN, PLAINTIFFS
v. BREWER HENDLEY OIL COMPANY, DEFENDANT

No. COA00-765

(Filed 7 August 2001)

## Declaratory Judgments— actual controversy—ownership of underground gas tanks

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's declaratory judgment action regarding whether defendant oil company is the owner of certain underground gas tanks located on plaintiffs' property in order to determine who has responsibility for the collection and removal of any discharge or release from the underground storage tanks, because: (1) the complaint does not set forth an actual controversy between plaintiffs and defendant when the North Carolina Environmental Management Commission (EMC) has brought forth an action against plaintiffs; and (2) the extent of the relationship between plaintiffs and defendant is that both could potentially be sued by EMC for damage caused by discharge from the gas tanks.

Judge TIMMONS-GOODSON concurring in the result.

Appeal by plaintiffs from order entered 15 March 2000 by Judge W. Erwin Spainhour in Anson County Superior Court. Heard in the Court of Appeals 25 April 2001.

*Drake & Pleasant, by Robert S. Pleasant, for plaintiffs-appellants.*

*Griffin, Smith, Caldwell, Helder & Lee, P.A., by W. David Lee and Annika M. Goff, for defendant-appellee.*

HUDSON, Judge.

Plaintiffs appeal from an order dismissing their declaratory judgment action. We affirm.

On 18 February 1999, plaintiffs filed a complaint seeking a declaratory judgment regarding the ownership of certain underground gas tanks (the gas tanks) located on certain property in Morven, North Carolina (the property) upon which is located a business commonly referred to as the "Morven Drive-In." The complaint

alleges that plaintiffs purchased the property from the Ratliffe Oil Company, Inc. (Ratliffe Oil) on 13 May 1977 by a deed registered in Anson County. The complaint alleges that the gas tanks on the property were excluded from this conveyance by the express terms of the deed, and that Ratliffe Oil thereby retained ownership of the gas tanks. The complaint further alleges that defendant acquired ownership of the gas tanks from Ratliffe Oil, and that defendant "has exercised dominion and control over" the gas tanks as a result of moving the gas tanks, attaching new pipes to the gas tanks, building "islands" connected to the gas tanks, rewiring the gas tanks, putting new pumps in the gas tanks, and owning all of the gasoline contained in the gas tanks. The complaint also alleges that "the Division of Environmental Management has proceeded against Linda Carpenter, concerning liability for [the gas tanks]."

Defendant filed an answer setting forth various defenses, including a request that the court dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to N.C.R. Civ. P. 12(b)(6). Following a hearing, the trial court entered an order granting defendant's motion to dismiss and stating that "the Complaint fails to state a claim upon which relief can be granted, [because] the matters and things set forth in the Complaint [do] not present a justiciable controversy." Plaintiffs appeal from this order.

In general, a Rule 12(b)(6) motion to dismiss "challenges whether a complaint states a legally sufficient cause of action." *Perry v. Carolina Builders Corp.*, 128 N.C. App. 143, 146, 493 S.E.2d 814, 816 (1997). For a court to have jurisdiction under the Declaratory Judgment Act, N.C.G.S. §§ 1-253 to -267 (1999), the plaintiff must allege in his complaint that a real and justiciable controversy, arising out of opposing contentions as to respective legal rights and liabilities, exists between or among the parties, and that the relief prayed for will make certain that which is uncertain and secure that which is insecure. *Town of Spencer v. Town of East Spencer*, 351 N.C. 124, 127, 522 S.E.2d 297, 300 (1999). A justiciable controversy exists when litigation to resolve the controversy between the parties appears to be unavoidable. *Id.* .

In their brief, plaintiffs contend (1) that defendant acquired ownership of the gas tanks from Ratliffe Oil, and (2) that defendant is the "operator" of the gas tanks as a result of certain acts by defendant. Plaintiffs rely upon the "Oil Pollution and Hazardous Substances Control Act of 1978" (the Act), which is set forth in Article 21A of

Chapter 143 of our General Statutes.[1] Part 2A of the Act ("Leaking Petroleum Underground Storage Tank Cleanup") establishes certain rights and obligations for "owners" and "operators" of underground storage tanks when a "discharge or release of petroleum from an underground storage tank has occurred." N.C.G.S. § 143-215.94E (1999). Furthermore, N.C.G.S. § 143-215.94A(8) defines "Operator" as "any person in control of, or having responsibility for, the operation of an underground storage tank." Thus, plaintiffs apparently take the position that Part 2A of the Act is applicable, and that defendant, as the owner of the gas tanks, and as the "operator" of the gas tanks pursuant to G.S. § 143-215.94A(8), should be liable for damage caused by any petroleum leaking from the gas tanks.

Defendant, in its answer, denies that it is the owner of the gas tanks. Furthermore, defendant points to N.C.G.S. § 143-215.77(5) (1999), found in Part 1 of the Act ("General Provisions"), which provides in pertinent part:

"Having control over oil or other hazardous substances" shall mean, but shall not be limited to, any person, using, transferring, storing, or transporting oil or other hazardous substances immediately prior to a discharge of such oil or other hazardous substances onto the land or into the waters of the State, and specifically shall include carriers and bailees of such oil or other hazardous substances. *This definition shall not include any person supplying or delivering oil into a petroleum underground storage tank that is not owned or operated by the person, unless:*

*a. The person knows or has reason to know that a discharge is occurring from the petroleum underground storage tank at the time of supply or delivery; [or] . . .*

G.S. § 143-215.77(5) (emphasis added). Thus, defendant apparently takes the position that it is not an "operator" of the gas tanks because an "operator" is defined by § 143-215.94A(8) as "any person in control of, or having responsibility for, the operation of an underground storage tank," and, pursuant to G.S. § 143-215.77(5), defendant did not have "control over" the contents of the gas tanks because it did not know, and did not have reason to know, that any discharge was occurring from the gas tanks at any time.

---

1. We note that although plaintiffs' brief explains that plaintiffs seek a declaratory judgment regarding the interpretation and application of the Act to the present facts, the complaint itself fails to make any reference to the Act.

Plaintiffs' complaint requests a declaration by the court as to whether defendant is an owner or operator of the gas tanks. Although it may be true, as plaintiffs contend in their brief, that such a declaration "is vital to the determination as to who has responsibility for the collection and removal of any discharge or release from the underground storage tanks" under the Act, we do not believe that the complaint sets forth an actual controversy between plaintiffs and defendant.

The agency charged with enforcing the Act is the North Carolina Environmental Management Commission (EMC). *See* N.C.G.S. §§ 143-215.77(2) and 143-215.79 (1999). Plaintiffs allege in their complaint that EMC has "proceeded against" plaintiffs. Even taking this allegation as true, the complaint does not allege that a justiciable controversy exists between plaintiffs and defendant. The extent of the relationship between plaintiffs and defendant is that both could potentially be sued by EMC for damage caused by discharge from the gas tanks. There is no allegation or showing of any legal controversy between plaintiffs and defendant that could result in litigation between these two parties, even if it is true that EMC has brought an action against plaintiffs.

In sum, we do not believe that the complaint states an actual legal controversy between plaintiffs and defendant. Thus, we affirm the trial court's dismissal of the action.

Affirmed.

Judge WYNN concurs.

Judge TIMMONS-GOODSON concurs in the result with a separate opinion.

TIMMONS-GOODSON, Judge, concurring in result.

I agree with the majority that the trial court's order dismissing plaintiff's complaint should be affirmed, but based upon different reasoning. It is my belief that the complaint is insufficient to state a claim for declaratory relief as to the ownership of the gas tanks. I, therefore, concur in the result only.